**PLAZA EQUITY PARTNERS,**
Appellant,

v.

**DALLAS CENTRAL APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Appellees.**

No. 05-88-00244-CV.

Court of Appeals of Texas,
Dallas.

Jan. 25, 1989.

William Ikard, James Popp, Andrew J. Avant, Austin, for appellant.

Michelle D. Chadwick, John R. Riddle, Dallas, for appellees.

Before STEWART, ROWE and BURNETT, JJ.

ROWE, Justice.

Appellant, Plaza Equity Partners, filed suit in the district court against appellees, Dallas Central Appraisal District and Dallas County Appraisal Review Board, to obtain judicial review of an order denying Plaza Equity's protest of the appraisal of certain property. On appellees' motion, the trial court dismissed the cause without prejudice for lack of subject matter jurisdiction. In four points of error, Plaza Equity complains that the trial court erred in dismissing the cause because its notice of appeal properly invoked the jurisdiction of the district court. For the reasons discussed below, we sustain Plaza Equity's first and second points of error and reverse the trial court's judgment.

Plaza Equity, through its agent, Property Tax Research Company, contested the Appraisal District's valuation of certain property and lodged an administrative protest with the Review Board. On August 12, 1987, the Review Board denied the protest. Subsequently, Plaza Equity filed this suit seeking judicial review of the denial order. After answering, appellees filed a motion to dismiss for lack of jurisdiction on the ground that Plaza Equity failed to file a proper notice of appeal with the Review Board as required by section 42.06(a) of the Texas Tax Code. Although appellees admit that the Review Board received a notice of appeal dated August 20, 1987, they assert that such notice indicates that an unrelated entity, State Federal Savings Enterprises, Inc., intended to appeal the Review Board's order. Consequently, appellees contend that the notice was not effective to vest the district court with jurisdiction to determine Plaza Equity's suit.

The notice of appeal received by the Review Board was in the form of a letter written on the stationery of Property Tax Research Company with an enclosed copy of the Review Board's order denying Plaza Equity's protest. Appellees do not dispute that Property Tax Research Company sent the notice on behalf of Plaza Equity, nor do they deny that the Review Board received the notice within fifteen days after issuing its order determining Plaza Equity's protest. We have appended to this opinion copies of both the letter and the order determining protest as they appear in the record. Although neither document specifically identifies Plaza Equity as the owner of the property, the letter does make reference to "Property: Plaza Equity, Partners." To an apparently contrary effect, the letter then specifically names State Federal Savings Enterprises, Inc., as the party intending to appeal the order. Plaza Equity maintains that section 42.06(a) of the Texas Tax Code does not require the notice to identify the property owner or the party intending to appeal. Therefore, it argues that its incorrect identification does not render the notice ineffective to confer jurisdiction on the district court.

■■ Other than the chief appraiser, the property owner is the only party with standing to appeal from a review board's order determining a taxpayer protest. *See* TEX.TAX CODE ANN. §§ 42.01–42.02 (Vernon 1982). In order to appeal, the property owner must fulfill the following requirements under section 42.06:

(a) To exercise his right of appeal, a party must file written notice of appeal within 15 days after the date he receives the notice ... that the order appealed has been issued.

(b) The notice must be filed with the body that issued the order appealed.

TEX.TAX CODE ANN. § 42.06 (Vernon 1982). If a party fails to follow these procedures, the district court has no jurisdiction to review a review board's order. *Corchine Partnership v. Dallas County Appraisal Dist.*, 695 S.W.2d 734, 735 (Tex. App.—Dallas 1985, writ ref'd n.r.e.); *Rockdale Indep. School Dist. v. Thorndale Indep. School Dist.*, 681 S.W.2d 225, 227 (Tex.App.—Austin 1984, writ ref'd n.r.e.). The statute does not prescribe the contents of the notice. *Dallas County Appraisal Dist. v. The Leaves, Inc.*, 742 S.W.2d 424,

430 (Tex.App.—Dallas 1987, writ denied). We recognize, however, that the notice must contain some basic elements to fulfill its function as a notice of appeal. In this case, we must determine whether (1) an accurate description of the property owner, and (2) proper identification of the party intending to appeal, are such basic elements.

To decide whether these items are essential elements of a notice of appeal under section 42.06, we first examine the purpose of this provision. The statute itself is helpful in this regard. When a party files notice of appeal with the review board, section 42.06(d) requires the chief appraiser to indicate on the appraisal records which entries are subject to appeal. TEX.TAX CODE ANN. § 42.06(d) (Vernon 1982). Thus, the purpose of this notice provision is to promptly supply the review board with the information that an entry is subject to appeal. *See Texas Conference Ass'n of Seventh–Day Adventists v. Central Appraisal Review Bd.*, 719 S.W.2d 255, 258 (Tex.App.—Waco, writ ref'd n.r.e.).[1]

■ The Tax Code, however, requires only that the appraisal records list the name of the property owner, *or* that such information is unknown. TEX.TAX CODE ANN. § 25.02(a)(1) (Vernon 1982). Thus, identification of the property owner is non-essential for the purpose of supplying adequate information for the chief appraiser to identify which entry on the appraisal records is subject to appeal. Moreover, a mistake in the name of the owner does not affect the validity of the appraisal records, of any particular appraisal or tax roll based thereon, or of any tax imposed. TEX.TAX CODE ANN. § 25.02(b) (Vernon 1982); *see City of Dallas v. Dean Carlton, Inc.*, 611 S.W.2d 445, 446 (Tex.App.—Dallas 1980, writ ref'd n.r.e.). A mistaken identification, therefore, is likewise irrelevant with respect to accomplishing the purpose of the statute. We conclude that any defect in

identifying the property owner does not render the notice ineffective to confer jurisdiction on the district court.

■ Turning to the second question, we note that section 42.06 does not expressly require the party giving notice to identify itself. Regardless of which party gives notice, the purpose of the statute is fulfilled as long as the notice is filed with the proper body within the prescribed period of time. Since only the property owner or the chief appraiser may appeal from an order determining a taxpayer protest, we see no compelling reason to require the party giving notice to correctly identify itself as a jurisdictional prerequisite. From the relevant information at their disposal, appellees could have drawn only one rational conclusion as to who intended to appeal, particularly since they admit that at all relevant times Plaza Equity was the owner of the property, not State Federal Savings. Clearly, the mistaken identification in the notice was a clerical error not unlike the one that this Court addressed in *The Leaves. See* 742 S.W.2d at 430. Accordingly, we hold that under the facts in this case the incorrect identification of the party intending to appeal the Review Board's order did not render the notice of appeal in question ineffective to confer jurisdiction on the district court.

Plaza Equity's first two points of error attack the trial court's order of dismissal on the ground that the trial court erred as a matter of law. We sustain both of these points of error. Since they are dispositive of this appeal, we need not address Plaza Equity's two remaining factual insufficiency points which attack the trial court's order on essentially the same ground. We reverse the judgment of the trial court and order that this cause be reinstated.

---

**1.** Even Plaza Equity acknowledges that the appraisal records must show which entries are subject to appeal for two reasons: (1) certification of the tax rolls, which requires that no

more than five percent of the appraisals are subject to pending protests; and (2) reliance on the appraisal records by local taxing authorities for financial planning.

## ATTACHMENT A

APPRAISAL REVIEW BOARD
OF DALLAS COUNTY
ORDER DETERMINING PROTEST

CAUSE #:  MULTI87    ACCT. #:  000001019440000000
                     PROPERTY ADDRESS:        1933 MAIN ST

PANEL #:  A          LEGAL DESCRIPTION:  BLK 107
                                         LOT 19 & ABDN ST PER ORD #18889
                                         .1946 AC-83.5X100 & 127 SQ FT ROW
                                         VOL86012 PG2098  CO-DALLAS
                                         01070000    019          10001070000

ADDRESS     PROPERTY TAX RESEARCH CO
            SUITE 615
            5220 SPRING VALLEY RD
            DALLAS               TX
            DALLAS               TX

            752400000

     THE NOTICE PROTESTING THE ACTION OF THE DALLAS  CENTRAL  APPRAISAL  DISTRICT
SET FORTH HEREIN, BEING TIMELY FILED, WAS PRESENTED FOR HEARING ON 08/03/87.

     THE BOARD TIMELY DELIVERED WRITTEN NOTICE OF THE HEARING DATE, TIME AND PLACE
TO THE PROTESTING PROPERTY OWNER.  THE OWNER AND CHIEF APPRAISER WERE GIVEN  THE
OPPORTUNITY TO TESTIFY, PRESENT EVIDENCE AND PRESENT TESTIMONY.  AFTER REVIEWING
THE NOTICE OF PROTEST AND AFTER HEARING THE TESTIMONY  AND  EVIDENCE  PRESENTED,
THE BOARD HAS DETERMINED WITH A QUORUM PRESENT THE FOLLOWING:

IT IS THEREFORE ORDERED THAT THE APPRAISAL RECORDS ARE CORRECT AND THAT THE
PROTEST BE DENIED AND THE APPLICABLE APPRAISAL RECORDS NOT BE CHANGED.
              THE CORRECT VALUE IS        7,350,960

                                      1420 MOCKINGBIRD LB116
                                      DALLAS, TX  75247

CERTIFIED MAIL #
  i2l 775                             APPRAISAL REVIEW BOARD CHAIRMAN

                                         AUG 1 2 1987

                                               DATE

1987 AUG 14 PM 3 29

ATTACHMENT B

*Plaza Equity*

## Property Tax Research Company

<u>Certified - Return Receipt Requested</u>

August 20, 1987

RE:    Notice of Appeal
          Property: Plaza Equity, Partners

DCAD Account #:  00000101944000000
                Appraisal Review Board of Dallas County

        1933 Main Street
        Dallas, Texas

Attn:  Board Members

You are hereby notified pursuant to Section 42.06, Tax Code, that State Federal Savings Enterprises, Inc. intends to appeal to District Court your order determining protest with regard to the above - referenced property.

Enclosed for your information is a copy of the <u>Order Determining Protest</u>, which was received in our office in our office on August 14, 1987.

Thank you for your attention regarding this matter.

Sincerely,

PROPERTY TAX RESEARCH COMPANY

KENNETH W. VOSS, SRPA, RM, CAE
National Director of Appraisals

KWV:cm

Enclosures

5220 Spring Valley Road • Suite 615 • Dallas, Texas 75240 • (214) 239-1064
St. Louis • Atlanta • Boston • Cleveland • Dallas • Houston • Kansas City • Phoenix • Portland