Opinion issued October 1, 2009










                    











 In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00690 -CV




MEI HSU ACQUISITION CORPORATION a/k/a PLAZA AT 610
COMMONS, INC., AND PLAZA AT 610 COMMONS, INC., AS THE
PROPERTY OWNERS AND THE PROPERTY OWNERS, Appellants

V.

HARRIS COUNTY APPRAISAL DISTRICT and HARRIS COUNTY
APPRAISAL REVIEW BOARD, Appellees





On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2006-79395




MEMORANDUM OPINION

          In this ad valorem property tax case, appellants, Mei Hsu Acquisition
Corporation (“Mei Hsu”) and Plaza at 610 Commons, Inc. (“Plaza”), appeal from the
trial court’s dismissal of its suit against appellees, Harris County Appraisal District
and the Harris County Appraisal Review Board (collectively, “HCAD”), for want of
jurisdiction. 
          In two issues, appellants contend that the trial court erred by granting HCAD’s
plea to the jurisdiction and dismissing appellants’ suit.
          We affirm.
Summary of Facts and Procedural History
          The subject property is located at 6360 Martin Luther King, Jr., Boulevard in
Harris County. For tax year 2006, HCAD determined the market and appraised
values of the subject property to be $770,740. HCAD assessed ad valorem taxes on
the subject property based on the appraised value. 
          Plaza, who was reflected in HCAD’s records to be the owner of the subject
property, filed an administrative protest of the market valuation. The appraisal review
board issued an order affirming the value. On December 19, 2006, Plaza filed a suit
for review in the trial court. 
 
          On January 30, 2008, HCAD filed a plea to the jurisdiction, arguing that Plaza
was not the true owner of the subject property during the relevant period and that it
therefore lacked standing to bring a suit for review. HCAD contended that only a
“property owner” may appeal an order of the appraisal review board, citing Tax Code
section 42.01 and caselaw interpreting. HCAD pointed to a warranty deed, showing
that Plaza had sold the subject property to Mei Hsu on September 17, 2003, three
years prior to Plaza’s suit for review. 
          On February 1, 2008, Plaza amended its petition to include Mei Hsu as a
plaintiff, pursuant to Tax Code section 42.21(e)(1),


 and responded to HCAD’s plea
to the jurisdiction, contending that it was permitted to so amend its petition. HCAD
replied that Plaza had improperly attempted to amend its petition outside the 45-day
statutory deadline under Tax Code 42.21(a).
          The trial court denied the plea to the jurisdiction. Subsequently, following this
court’s opinion in Koll Bren Fund IV, LP v. Harris County Appraisal District, 01-07-00321-CV, 2008 WL 525799 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, pet.
denied) (not designated for publication), HCAD requested the trial court to reconsider
the plea to the jurisdiction. HCAD cited Koll Bren Fund to support its contention that
“a trial court does not have jurisdiction over an ad valorem valuation dispute filed by
one who is not the property owner and further, the real owner cannot create
jurisdiction by amending the non-owner’s petition to change the party.”
          Appellants then filed a motion, pursuant to Rule of Civil Procedure 28, to
substitute the plaintiff’s “true name,” Mei Hsu, alleging that Plaza was the “common
name” of Mei Hsu. HCAD responded that there was no evidence that Plaza was ever
an assumed name of Mei Hsu and that the undisputed evidence shows that Plaza sold
the subject property to Mei Hsu in 2003. The trial court denied appellants’ Rule 28
motion, reconsidered and granted HCAD’s plea to the jurisdiction, and dismissed the
suit.
Dismissal for Lack of JurisdictionA. Standard of Review 
          A plea to the jurisdiction challenges the trial court’s subject matter jurisdiction
to hear the case. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000);
Pineda v. City of Houston, 175 S.W.3d 276, 279 (Tex. App.—Houston [1st Dist.]
2004, no pet.). Subject matter jurisdiction is essential to the authority of a court to
decide a case and is never presumed. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 443–44 (Tex. 1993). The plaintiff has the burden to allege facts
affirmatively demonstrating that the trial court has subject matter jurisdiction. Id. at
446; Richardson v. First Nat’l Life Ins. Co., 419 S.W.2d 836, 839 (Tex. 1967).
          The existence of subject matter jurisdiction is a question of law. State Dep’t
of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Therefore, we review de
novo the trial court’s ruling on a plea to the jurisdiction. Mayhew, 964 S.W.2d at 928.
In deciding a plea to the jurisdiction, a court may not consider the merits of the case,
but only the plaintiff’s pleadings and the evidence pertinent to the jurisdictional
inquiry. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). Further, a
court can either afford plaintiffs the opportunity to amend a pleading if the “issue is
one of pleading sufficiency,” or “if the pleadings affirmatively negate the existence
of jurisdiction, then a plea to the jurisdiction may be granted without allowing the
plaintiff an opportunity to amend.” Id.
B.      Analysis: Timely Amendment
          In their first issue, appellants contend that the trial court’s jurisdiction was
proper because Plaza properly amended its petition to change the name of the plaintiff
to Mei Hsu, pursuant to Tax Code § 42.21(e). See Tex. Tax Code Ann. § 42.21(e)
(Vernon 2008). 
          Tax Code section 42.01 provides that “[a] property owner is entitled to appeal
. . . an order of the appraisal board. . . .” Id. § 42.01 (Vernon 2008) (emphasis added).
Section 42.21(a) provides that 
[a] party who appeals as provided by this chapter must file a petition for
review with the trial court within 45 days after the party received notice
that a final order has been entered from which an appeal may be had.
Failure to timely file a petition bars any appeal under this chapter.
 
Tex. Tax Code Ann. § 42.21(a).


 Section 42.21(e) states, in relevant part, that “[a]
petition that is timely filed under Subsection (a) . . . may be subsequently amended
to: (1) correct or change the name of a party . . . .” Id. § 42.21(e).
          In Koll Bren Fund, we construed section 42.21 in a case similar to the instant
one. 2008 WL 525799, at *5. There, although Koll Bren had sold the property at
issue to another party prior to tax year 2005, Koll Bren nevertheless protested the
2005 valuation and the new owner did not file a protest. Id. at *1. Koll Bren then
filed an appeal within the 45-day limit and amended its petition 15 months later to
include the actual owner of the property. Id. HCAD filed a plea to the jurisdiction,
asserting that the party appealing the valuation by the appraisal board was not the
property owner. Id. The trial court sustained the plea and dismissed the suit. Id. On
appeal of the trial court’s ruling, this court held that Koll Bren “was not a proper
‘party’ to bring the suit” and that, “[n]o proper party having appealed to the district
court within 45 days, the trial court never acquired subject-matter jurisdiction.” Id.
at *5. We affirmed the trial court’s dismissal of the suit. Id. at *5–6.
          The facts in the present case are strikingly similar to Koll Bren Fund. In the
case at bar, although Plaza sold the subject property to Mei Hsu in 2003, Plaza
nevertheless protested the 2006 valuation and Mei Hsu did not file a protest. Plaza
then filed an appeal and amended its petition 14 months later to include the name of
the actual owner, Mei Hsu.


 HCAD filed a plea to the jurisdiction, asserting that
Plaza was not the property owner, and the trial court dismissed the suit. Here, like
Koll Bren Fund, Plaza was not a proper party to bring the suit below and, no proper
party having appealed to the district court within 45 days, the trial court properly
dismissed the suit for review for want of jurisdiction.
          Appellants attempt to distinguish the present case from Koll Bren Fund by
arguing that here, unlike Koll Bren, “Mei Hsu was the owner of the property, [and]
was the party that prosecuted the administrative protest . . . .” The record reflects that
Mei Hsu was the owner of the property during the relevant period; however, Mei Hsu 
did not pursue the administrative remedies or file the suit for review. See Cameron
Appraisal Dist. v. Rourk, 194 S.W.3d 501, 501 (Tex. 2006); Koll Bren Fund, 2008
WL 525799, at *7 (explaining that exhaustion of administrative remedies is
mandatory to invoke trial court’s jurisdiction). The record shows that it was Plaza,
which was not the property owner during the relevant period, that pursued the
administrative remedies and filed the suit for review in the trial court.
          Appellants also argue that a defect in identifying the actual owner of the
property does not preclude jurisdiction, citing Plaza Equity Partners v. Dallas
Central Appraisal District, 765 S.W.2d 520 (Tex. App.—Dallas 1989, no writ).
However, in Plaza Equity Partners, unlike here, the actual owner of the property was
before the court and was the party that had pursued the administrative remedies and
had filed suit. Id. at 522. 
          Here, because the owner of the subject property, Mei Hsu, did not pursue her
administrative remedies or appeal the appraisal board’s order within 45 days, as
required under Tax Code section 42.21, we conclude that the trial court properly
dismissed the suit for review for want of jurisdiction. See Tex. Tax Code Ann.
§ 42.21(a) (stating that failure to timely file petition bars any appeal under this
chapter); Koll Bren Fund, 2008 WL 525799, at *7 (explaining that tax payer’s failure
to pursue administrative remedies is jurisdictional).
          Accordingly, we overrule appellants’ first issue.
C.      Analysis: Suit Under a Common Name
          In their second issue, appellants contend that Rule of Civil Procedure 28
permitted the substitution of Mei Hsu as plaintiff in Plaza’s original, timely filed
petition. See Tex. R. Civ. P. 28. 
          Rule 28 provides as follows:
Any partnership, unincorporated association, private corporation,
or individual doing business under an assumed name may sue or be
sued in its partnership, assumed or common name for the purpose
of enforcing for or against it a substantive right, but on a motion by
any party or on the court’s own motion the true name may be
substituted. 
 
Id. Appellants cite Chilkewitz v. Hyson, 22 S.W.3d 825 (Tex. 1999) and Sixth RMA
Partners L.P. v. Sibley, 111 S.W.3d 46 (Tex. 2003), in support of their proposition.
          In Chilkewitz, the court permitted, under Rule 28, a suit against an association
named “Morton Hyson, M.D., P.A.” to go forward, although the defendant had been
originally named as “Morton Hyson, M.D.” 22 S.W.3d at 827. The court concluded
that “Morton Hyson, M.D.” was an assumed or common name of “Morton Hyson,
M.D., P.A.” because, inter alia, the association used letterhead in the name of the
individual doctor, and the phone number for the association and the individual doctor
were the same in the local phone book. Id. at 829. 
          In Sibley, the court permitted a suit by “Sixth RMA Partners, L.P.” to go
forward under Rule 28 when the assumed name was “RMA Partners, L.P.” 111
S.W.3d at 53. The court permitted the suit because the “additional designation of
‘Sixth’ in documents relating to this matter was added for RMA’s internal purposes”
only. Id. at 50.
          Here, unlike Chilkewitz and Sibley, appellants do not direct us to anything in
the record that supports that Plaza was an assumed name of Mei Hsu. See e.g., Virrey
v. Foodmaker, Inc, No. 05-95-00231-CV, 1995 WL 731038, *3 (Tex. App.—Dallas
Dec. 8, 1995, no writ) (not designated for publication) (holding that Rule 28 did not
apply to a suit against “Jack in the Box, Inc. in its corporate name” when actual
defendant was Foodmaker, a different corporation, for which Jack in the Box, Inc.
was not an assumed name). Moreover, before Rule 28 can be used to allow suits
based on “common names,” there “must be a showing that the named entity is in fact
doing business under that common name.” Seidler v. Morgan, 277 S.W.3d 549, 553
(Tex. App.—Texarkana 2009, pet. denied). Appellants have made no such showing.
          To the contrary, the record reflects that Plaza is the grantor of the property at
issue to Mei Hsu, which occurred in September of 2003. This evidences an exchange
between two distinct corporate entities, not one entity in a partnership, assumed, or
common name. 
          Here, Plaza, the plaintiff who originally filed suit is a corporation which,
according to the evidence, is wholly distinct from the true corporate owner of the
property. See Howell v. Coca-Cola Bottling Co. of Lubbock, Inc., 595 S.W.2d 208,
212 (Tex. Civ. App.—Amarillo 1980, writ ref’d n.r.e.) (considering, in case in which
plaintiff sued Coca-Cola Bottling Company and attempted to use Rule 28 to substitute
“true defendant,” Coca-Cola Bottling Company of Lubbock, Inc, that “[t]he case
before us is not and never has been a suit against a business entity in its partnership,
assumed or common name.”) Because the record does not support that Mei Hsu is
the true name of Plaza or that Plaza is the common name of Mei Hsu, we conclude
that substitution under Rule 28 is not supported. Hence, we hold that the trial court
properly denied appellants’ motion to substitute and dismissed their case.
          Accordingly, we overrule appellants’ second issue.
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court. 



                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Jennings, Higley, and Sharp.