Affirmed and Memorandum Opinion filed January 7, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00425-CV

___________________

 

SWP Remic Properties II LP, AS
THE PROPERTY OWNERS AND THE PROPERTY OWNERS, Appellants

 

V.

 

Harris County Appraisal District,
Appellee



 



 

On
Appeal from the 55th District Court

Harris County,
Texas



Trial Court Cause No. 2007-46741

 



 

 

MEMORANDUM OPINION

“SWP Remic Properties II LP (“SWP”),
as the property owners and the property owners,”[1]
appeal from the trial court’s order granting Harris County Appraisal District’s
(“HCAD”)[2]
plea to the jurisdiction.  In its plea, HCAD contended SWP had no standing to
seek judicial review of HCAD’s resolution of an ad valorem tax protest because
SWP was not the property owner for that tax year.  We affirm.

I. Factual
and Procedural Background

The property at issue is located at 15215 Blue Ash
Drive 210 in Houston.  UDR Texas Properties, L.P. sold the property to Equitex,
Ltd. by special warranty deed in February 2005.[3] 
Therefore, according to the record, Equitex, Ltd. was the legal owner of the
property on January 1, 2007, and SWP does not dispute this fact.  Nevertheless,
SWP, but not Equitex, filed a notice of protest with HCAD’s Appraisal Review
Board concerning the 2007 tax assessment for this property.  On June 22, 2007,[4] the chairman of
the Appraisal Review Board signed an Order Determining Protest, mailed to
O’Connor & Associates, SWP’s designated agent for the protest process,
ordering a reduction in the appraised value of the property.  The record does
not indicate that Equitex pursued a protest as the owner of the property.

SWP filed an original petition for judicial review on
August 3, 2007, “by and on behalf of the property owners,” challenging the
Review Board’s determination and claiming the Review Board failed to provide
proper hearings on the protests.  SWP continued to assert that it owned the
property.  On March 7, 2008, HCAD filed a plea to the jurisdiction, arguing (1)
SWP was not the owner of the property as of January 1, 2007, (2) only the
property owner had standing to appeal from the Review Board’s order, and,
therefore, (3) the trial court lacked subject-matter jurisdiction.  HCAD
attached a copy of the special warranty deed to its plea.  

On March 28, 2008, SWP filed a first amended original
petition, naming Equitex as a plaintiff in the suit for judicial review.  SWP
and Equitex responded to HCAD’s plea to the jurisdiction, contending the
procedural “defects” had been corrected by applying section 42.21(e)(1) of the
Texas Tax Code to correct or change the name of the plaintiffs.  HCAD replied,
contending section 42.21(e)(1) did not apply in this case.  

On April 4, 2008, “EQUITEX LTD a/k/a SWP REMIC
PROPERTIES II LP as the PROPERTY OWNERS and the PROPERTY OWNERS” filed a second
amended and supplemental original petition pursuant to (1) Texas Rule of Civil
Procedure 28 to substitute the true name of the plaintiffs and (2) Texas Tax
Code section 42.21(e); the plaintiffs also filed a supplemental response to the
plea to the jurisdiction making the same arguments.  HCAD filed a supplemental
reply, arguing that there was no evidence Equitex did business as SWP and again
reiterating that section 42.21(e) did not apply.  On April 21, 2008, the trial
court granted HCAD’s plea to the jurisdiction and dismissed the suit without
prejudice.  

II.
Standard of Review

Standing is a component of subject-matter
jurisdiction that cannot be waived.  Tex. Ass’n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 445–46 (Tex. 1993).  If a party has no standing, a
trial court has no subject-matter jurisdiction to hear the case.  Id. at
444–45.  A trial court’s jurisdiction to hear the subject matter of a dispute
may be challenged by filing a plea to the jurisdiction.  See Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  

A defendant may prevail on a plea to the jurisdiction
by demonstrating that, even if all the plaintiff’s pleaded allegations are true,
an incurable jurisdictional defect remains on the face of the pleadings that
deprives the trial court of subject-matter jurisdiction.  Harris County
Appraisal Dist. v. O’Connor & Assocs., 267 S.W.3d 413, 416 (Tex.
App.—Houston [14th Dist.] 2008, no pet.).  In determining a plea to the
jurisdiction, a trial court may consider the pleadings and any evidence
pertinent to the jurisdictional inquiry.  Bland, 34 S.W.3d at 554–55.

We review a trial court’s ruling on a plea to the
jurisdiction de novo.  See Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004) (setting forth standard of review for pleas to
the jurisdiction).  In our review, we construe the pleadings liberally in favor
of the pleader and look to the pleader’s intent to determine whether the facts
alleged affirmatively demonstrate the trial court’s jurisdiction to hear the
cause.  See id.  In a review of a plea to the jurisdiction, we cannot
examine the merits of the case.  See Houston Indep. Sch. Dist. v. 1615 Corp.,
217 S.W.3d 631, 635 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (op. on
reh’g).

III.
Analysis

In a single issue, appellants assert that the trial
court erred in granting the plea to the jurisdiction.  Specifically, appellants
contend the trial court had jurisdiction because SWP timely filed a petition
for judicial review in the name of “SWP Remic Properties II LP, as the property
owners and the property owners” following the Review Board’s order and Equitex
is a property owner.  Alternatively, appellants argue SWP timely amended its
petition to include Equitex pursuant to section 42.21(e)(1) of the Texas Tax
Code and Texas Rule of Civil Procedure 28. 

 

A.        Standing

This court recently addressed both of these arguments
in BACM 2002 PB2 Westpark Dr LP v. Harris County Appraisal District, No.
14-08-00493-CV, 2009 WL 2145922 (Tex. App.—Houston [14th Dist.] June 21, 2009,
no pet.) (mem. op.), and we reach the same outcome here in holding SWP lacked standing
to prosecute Equitex’s tax protest.

As a general rule, only a property owner may protest
tax liability before an appraisal-review board and seek judicial review in
court.  Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24
S.W.3d 907, 909 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (op. on reh’g). 
Section 42.21(a) of the Property Tax Code requires a party who appeals as
provided by Chapter 42 of the Property Tax Code to timely file a petition for
review with the district court.  Failure to timely file a petition bars any
appeal under the chapter.  Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2009).[5]  Section 42.01 of
the Tax Code specifies that a “property owner is entitled to appeal . .
. an order of the appraisal review board determining . . . a protest by the property
owner” as provided by sections 41.41 et seq. of the Property Tax
Code.  Id. § 42.01(1)(A) (emphasis added).  Alternatively, a property
owner may designate a lessee or an agent to act on the property owner’s behalf
for any purpose under the Property Tax Code, including filing a tax protest.  Id.
§§ 1.111 (Vernon 2008) (authorizing a designated lessee or agent to act for a
property owner), 41.413(b) (Vernon 2008) (authorizing a lessee to protest for
the property owner in certain circumstances).

Therefore, to qualify as a “party who appeals” by
seeking judicial review of an appraisal-review board’s tax determination under
section 42.21(a), SWP had to be an owner of the property, a designated agent of
the owner, or the authorized lessee of the property under the circumstances stated
in section 41.413.  A party who does not meet one of the above criteria would
lack standing under the Property Tax Code.  BACM, 2009 WL 2145922, at
*3.  If the litigant lacks standing, the trial court is deprived of
subject-matter jurisdiction to consider a suit for judicial review based on an
ad valorem tax protest.  Id.

Here, SWP did not own the property as of January 1,
2007.  SWP did not claim rights to protest under the Property Tax Code as
either a lessee or an agent.  Therefore, SWP lacked standing to pursue judicial
review as a “party who appeals” under section 42.21(a).  The record does not
reflect that Equitex pursued its right of protest as the actual property
owner.  According to the record, Equitex was not named as a party until March
28, 2008 when SWP filed a first amended original petition.  Therefore, the
Review Board had not determined a protest by the actual property owner,
Equitex, upon which Equitex could premise a right to appeal as the property
owner.  See Tex. Tax Code Ann. §§ 42.01(1)(A), 42.21(a); BACM,
2009 WL 2145922, at *4. 

B.        Application of Section 42.21(e)(1)

Appellants also contend the trial court had
jurisdiction because section 42.21(e)(1) allows amendment of a timely filed
petition “to correct or change the name of a party.”  See Tex. Tax Code
Ann. § 42.21(e)(1); BACM, 2009 WL 2145922, at *5.  We disagree, for the
same reasons announced in BACM.

Section 42.21(e) specifies that only petitions that
are “timely filed under Subsection (a) or amended under Subsection (c)” may
later be amended to correct or change a party’s name.[6]  See Tex.
Tax Code Ann.  42.21(e)(1).  To seek judicial review
under Subsection (a), the plaintiff must be a “party who appeals as provided by
[Chapter 42],” meaning the plaintiff must be the property owner, a properly
designated agent, or a lessee.  Id. § 42.21(a); see also id.
§§ 1.111, 41.413(b).  

SWP timely filed a petition for review; however, SWP
did not own the property on January 1, 2007, and thus lacked standing to seek
judicial review.  See BACM, 2009 WL 2145922, at *5.  Appellants’
argument that subsection 42.21(e)(1) operates to allow SWP to correct or change
the party’s name presupposes that Equitex was a proper party entitled to seek
judicial review.  Id.  However, Equitex did not pursue its right of
protest as the property owner.  When no proper party timely appealed to the
district court, the trial court did not acquire subject-matter jurisdiction,
and the Review Board’s determination became final.  See id.  

Appellants argue that because suit was filed in the
name of “SWP Remic Properties II LP, as the property owners and the property owners,”
the suit encompasses Equitex, the record legal owner of the property, as a
plaintiff.  Again, this contention presupposes that Equitex was a proper party
to seek judicial review under Chapter 42.  See Tex. Tax Code Ann. §
42.01(1)(A); BACM, 2009 WL 2145922, at *5.  Equitex did not pursue its
administrative remedies by protesting the valuation of the property before the
appraisal review board and, thus, it failed to satisfy the jurisdictional
requirements to seek judicial review.  See BACM, 2009 WL 2145922,
at *5.[7]

C.        Application of Texas Rule of Civil
Procedure 28     

Lastly, appellants argue the trial court had
jurisdiction to hear the case because Texas Rule of Civil Procedure 28, which
governs suits by or against entities doing business under an assumed name,
permits substitution of Equitex as SWP’s “true name.”  Rule 28 states:

Any partnership, unincorporated association, private
corporation, or individual doing business under an assumed name may sue or be
sued in its partnership, assumed or common name for the purpose of enforcing
for or against it a substantive right, but on a motion by any party or on the
court’s own motion the true name may be substituted.

Tex. R. Civ. P. 28. 
Appellants contend the name SWP is the “common name” for the “true name”
Equitex.  

In this case, SWP attempted to substitute its “true
name” Equitex by filing a “second amended and supplemental original petition”
and arguing Rule 28 permitted the substitution.  For a party to take advantage
of Rule 28 and sue in its common name, “there must be a showing that the named
entity is in fact doing business under that common name.”  Seidler v. Morgan,
277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied).  Whether an entity
does business under an assumed or common name is a question of fact for the
trial court.  Sixth RMA Partners, L.P. a/k/a RMA Partners, L.P. v. Sibley,
111 S.W.3d 46, 52 (Tex. 2003).   

Appellants did not make a showing that Equitex was in
fact doing business under the common name SWP, nor was there evidence that the
entities, themselves, used the name SWP as an assumed or common name to warrant
application of Rule 28.  Compare Sixth RMA Partners, 111 S.W.3d at
52 (concluding evidence supported assumed-name finding when Sixth RMA presented
evidence that RMA Partners, L.P. was used as trade name for various RMA
partnerships, RMA letterhead was used, and payments on notes were made to RMA) and
Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex. 1999) (stating some
evidence supported application of Rule 28 when stationery and phone-number
listing used by one-person professional association contained name of
individual).[8] 
Thus, this argument lacks merit.

Accordingly, we overrule appellants’ issue on appeal.

IV.
Conclusion

SWP and Equitex lacked standing to bring suit, and
therefore the trial court lacked subject-matter jurisdiction to hear the
dispute.  Because neither SWP nor Equitex was a proper party entitled to
judicial review under the Property Tax Code, section 42.21(e)(1) of the
Property Tax Code does not apply to change the name of the plaintiff. 
Likewise, because there is no evidence in the record that Equitex was doing
business as SWP or that the entities used the name SWP as a common name for
Equitex, Texas Rule of Civil Procedure 28 could not be used to substitute
Equitex for SWP.  Therefore, the trial court did not err in granting HCAD’s
plea to the jurisdiction.  The trial court’s judgment is affirmed.  

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Sullivan.

 









[1] The notice of appeal includes
the unusual reference of “SWP Remic Properties II LP as the Property Owners and
the Property Owners” as the parties appealing and refers to “plaintiffs”
throughout the notice.  The appellants’ brief lists the appellants as “Equitex
Ltd, also known as SWP Remic Properties II LP, as the Property Owners and the
Property Owners.”  SWP claims below and on appeal that Equitex is a “property
owner” or, alternatively, that SWP is the common name of Equitex.  We will
refer to the entities collectively as “appellants.”   





[2] SWP’s live pleadings and
notice of appeal identify both HCAD and its Appraisal Review Board as
defendants.  However, the record does not indicate that the Review Board
appeared in the trial court.  HCAD represents that the Review Board was neither
served, nor did it appear.  An appraisal review board is not a necessary party
to a petition for judicial review of the board’s order.  Tex. Tax Code Ann. §
42.21(b) (Vernon Supp. 2009).  Because the Review Board is not a necessary
party, and the record does not reflect that the Review Board appeared in the
trial court below, we conclude that HCAD is the only appellee properly before
this court.  See BACM 2002 PB2 Westpark Dr LP v. Harris County Appraisal
Dist., No. 14-08-00493-CV, 2009 WL 2145922, at *1 n.1 (Tex. App.—Houston
[14th Dist.] June 21, 2009, no pet.) (mem. op.).   





[3] The legal description
attached to the special warranty deed states that this is the same property
conveyed to SWP Remic Properties II-A, L.P. in deed dated January 1, 1994. 
There is no indication in the record or by the parties in their briefs what the
relationship between UDR Texas Properties, L.P. and SWP is, if any.  





[4] The “Order Determining
Protest” indicates that the order was signed June 22, 2007.  The top of the
page lists a date of June 28, 2007.  In its Statement of Facts, HCAD states
that the order was delivered on July 19, 2007, although there is no evidence of
this delivery date in the record.  HCAD does not contend that SWP failed to
timely file an appeal from the order; rather, HCAD argues SWP did not have
standing to appeal because it did not own the property as of January 1, 2007.  





[5] We note that the Texas
Legislature amended subsection 42.21(a), effective June 19, 2009, to extend the
time to file a petition for review from forty-five days to sixty days after the
party received notice that a final order has been entered from which an appeal
may be had or at any time after the hearing but before the 60-day deadline.  See
Act of May 29, 2009, 81st Leg., R.S., ch. 905, §§ 1, 5, 2009 Tex. Gen. Laws 2435,
2435–36 (current version at Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2009)). 
These changes to this subsection do not affect our resolution of this issue.





[6] Appellants do not argue
that Subsection (c) applies to this case.





[7] Appellants also cite Plaza
Equity Partners v. Dallas Central Appraisal District, 765 S.W.2d 520 (Tex.
App.—Dallas 1989, no writ), for the proposition that a defect in identifying
the property owner in a notice appealing the Appraisal Board’s order does not
deprive the district court of jurisdiction.  However, in Plaza Equity
Partners, unlike here, the actual property owner had pursued its
administrative remedies and filed suit in the district court.  See Plaza
Equity Partners, 765 S.W.3d at 521–22.  





[8] Although appellants cite
HCAD’s records that reflect SWP as the property owner even after the property
sale, HCAD’s records alone are not sufficient to establish Equitex operated its
business under the common name of SWP.  See KM-Timbercreek, LLC v. Harris County
Appraisal Dist., — S.W.3d —, No. 01-08-00689-CV, 2009 WL 3321332, at *7
(Tex. App.—Houston [1st Dist.] Oct. 15, 2009, no pet.) (stating only
Timbercreek could establish whether it operated its business under an assumed
or common name).  There is no evidence that Equitex held itself out as SWP or
requested HCAD refer to it as SWP in its records.  Id.