*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-10-00278-CV

**BEXAR APPRAISAL DISTRICT**,
Appellant

v.

**AMERICAN OPPORTUNITY FOR HOUSING–PERRIN OAKS, L.L.C.**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-19414
Honorable Karen H. Pozza, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:   Karen Angelini, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:   December 8, 2010

REVERSED AND RENDERED IN PART, AFFIRMED IN PART

This interlocutory appeal arises from a denial of a plea to the jurisdiction in a suit relating to a tax exemption. Appellant Bexar Appraisal District (BCAD) argues that the trial court lacks subject matter jurisdiction because Appellee American Opportunity for Housing–Perrin Oaks, L.L.C. (AOP) failed to exhaust its administrative remedies and lacks standing to sue BCAD for denying the exemption. We reverse the order of the trial court as it pertains to the 2008 tax year.

## BACKGROUND

Perrin Oaks I, Ltd. (Perrin, Ltd.) is the record owner of a housing development project known as Paseo Pointe Apartments (the Apartments). Perrin, Ltd. is a limited partnership comprised of: (1) Perrin Oaks, Inc. (Perrin, Inc.), the sole general partner; and (2) American Opportunity for Housing, Inc. (Housing, Inc.), the sole limited partner. Housing, Inc. is also the sole shareholder of AOP. AOP claims that in 2007, Housing, Inc. and AOP entered into an Assignment and Merger Agreement that merged Perrin, Ltd. into AOP. As a consequence, AOP argues that it is the property owner of the Apartments. BCAD disputes the effect of the merger.

Believing that it qualified for a charitable housing development organization exemption for the Apartments for 2008, AOP "attempted to make" an application for an exemption to BCAD.[1] BCAD, however, required the application to be in the name of Perrin, Ltd., the record owner of the Apartments. Consequently, Perrin, Ltd. filed an application with BCAD for the exemption, which BCAD denied due to Perrin, Ltd.'s failure to provide the required affordable housing. Perrin, Ltd. protested this decision to BCAD's appraisal review board, which agreed that Perrin, Ltd. was not entitled to the exemption.

AOP subsequently filed suit in district court appealing the decision of the appraisal review board and seeking a declaration that it was entitled to the exemption. BCAD filed a plea to the jurisdiction asserting that the court lacked subject matter jurisdiction because AOP was not the record owner of the Apartments, and did not protest BCAD's decision before the appraisal review board. AOP then amended its petition to add Housing, Inc. as a co-plaintiff. BCAD filed a second plea to the jurisdiction, arguing that Housing, Inc. lacked standing because it failed to timely file suit. AOP amended its petition once more, dropping Housing, Inc. from the suit;

---

[1] Neither AOP's application for the exemption nor BCAD's response is contained in the record. At the hearing, counsel for AOP stated that the application was not accepted by BCAD staff.

adding that AOP was the "assignee and successor in interest to [Perrin, Ltd]"; and asserting that it was also entitled to the exemption for 2009. BCAD then supplemented its second plea to the jurisdiction, contending that the court lacked jurisdiction as to 2009 because the appraisal review board made no determinations as to that tax year. AOP filed a response to the plea to the jurisdiction. At the hearing, the parties presented their arguments and some documentary evidence, but offered no testimony. The trial court granted the plea as to 2009, but denied it as to 2008. BCAD appeals the denial of its plea as to the 2008 tax year only. Thus, the trial court's order is affirmed as to the 2009 tax year.

## A. Standard of Review

We review a trial court's denial of a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). The plaintiff has the burden to plead facts affirmatively demonstrating the trial court's jurisdiction. *See State v. Holland*, 221 S.W.3d 639, 642–43 (Tex. 2007). If a plea to the jurisdiction challenges the existence of jurisdictional facts, relevant evidence submitted by the parties must be considered when necessary to resolve the jurisdictional issues. *Miranda*, 133 S.W.3d at 227. In reviewing such a plea where, as in this case, evidence has been submitted to support the plea, we accept as true "all evidence favorable to the non-movant," and indulge every logical inference and resolve all doubts in favor of the non-movant. *Id*. at 228. If the evidence raises a question of fact regarding jurisdiction, "then the trial court cannot grant the plea to the jurisdiction" and the ultimate fact-finder will resolve the fact issue. *Id.* at 227–28. In this case, BCAD presented evidence that the trial court lacks jurisdiction. Consequently, the burden shifted to AOP to show there is a disputed material fact regarding jurisdiction. *See id.* at 228.

**B. Applicable Statutes**

The Legislature gave exclusive original jurisdiction in ad valorem tax cases to the appraisal review boards and granted the district courts appellate jurisdiction over appraisal review board orders. *See Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006). An appraisal review board is authorized to hear and determine protests by property owners. *See* TEX. TAX CODE ANN. § 41.41 (West 2008). After an administrative hearing, dissatisfied taxpayers are authorized to appeal to the district court, which reviews the appraisal review board's decision de novo. TEX. TAX CODE ANN. § 42.23 (West 2008). A trial court has subject matter jurisdiction over a property owner's suit challenging an appraisal review board's order only if the property owner: (1) has standing; and (2) has exhausted its administrative remedies. *Daughtry v. Atascosa County Appraisal Dist.*, 307 S.W.3d 343, 345–46 (Tex. App.—San Antonio 2009, no pet.); *Gregg County Appraisal Dist. v. Laidlaw Waste Sys., Inc.*, 907 S.W.2d 12, 16–17 (Tex. App.—Tyler 1995, writ denied).

*1. Standing*

To appeal an appraisal review board's decision under the Texas Tax Code, the plaintiff must be the owner of the property in dispute, a properly designated agent of the owner, or the lessee of the property under certain circumstances. *See* TEX. TAX CODE ANN. §§ 1.111, 42.01, 42.015 (West 2008 & Supp. 2010). "A person or entity who does not meet one of these criteria, but nonetheless seeks judicial review of an appraisal-review board determination, has neither a 'legal right' to enforce, . . . nor any 'real controversy' at issue, . . . and therefore, no standing under the Code." *Koll Bren Fund VI, LP v. Harris County Appraisal Dist.*, No. 01-07-00321-CV, 2008 WL 525799, at *3 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, pet. denied); *see*

*also Plaza Equity Partners v. Dallas Cent. Appraisal Dist.*, 765 S.W.2d 520, 521 (Tex. App.—Dallas 1989, no writ).

### 2. *Exhaustion of Administrative Remedies*

Prior to any appeal to the district court, a property owner must have protested the tax district's action to the appraisal review board, and obtained an order of the appraisal review board disposing of the protest. *See* TEX. TAX CODE ANN. §§ 41.41(a)(9), 42.01(1)(A), 42.21 (West 2008 & Supp. 2010); *Laidlaw*, 907 S.W.2d at 16. The property owner who protests a tax district's action to the appraisal review board generally must be the same owner who files suit. *See id.* § 42.01(1)(A); *Woodway Drive L.L.C. v. Harris County Appraisal Dist.*, 311 S.W.3d 649, 652–53 (Tex. App.—Houston [14th Dist.] 2010, no pet.).[2] The statutory provisions of the Tax Code "creat[e] rights and remedies [that] are mandatory and exclusive and must be complied with in all respects." *Laidlaw*, 907 S.W.2d at 16. The exhaustion of administrative remedies is a prerequisite to obtaining judicial review. *Daughtry*, 307 S.W.3d at 346.

## C. Analysis

BCAD argues that the trial court lacks jurisdiction to hear AOP's appeal because AOP: (1) lacks standing; and (2) failed to exhaust its administrative remedies. In this case, BCAD submitted evidence that Perrin, Ltd. applied for the tax exemption and protested BCAD's denial of the exemption as the owner of the Apartments. It was undisputed that AOP, rather than Perrin, Ltd., filed the de novo appeal in the district court. BCAD contends that such evidence establishes that AOP did not exhaust its administrative remedies and does not have standing to appeal BCAD's determination.

---

[2] The Tax Code does accommodate some changes in ownership: "If during the pendency of a protest . . . the ownership of the property subject to the protest changes, the new owner of the property . . . may proceed with the protest in the same manner as the property owner who initiated the protest." TEX. TAX CODE ANN. § 41.412 (West 2008). Here, there is no evidence of a change in ownership of the Apartments during the pendency of the protest.

Based on the evidence presented by BCAD, the burden shifted to AOP to raise a fact issue regarding its standing and exhaustion of administrative remedies. *See Miranda*, 133 S.W.3d at 228. AOP asserts that the trial court properly denied BCAD's plea because: (1) BCAD was estopped from asserting that AOP lacked standing or failed to exhaust its administrative remedies; and (2) the Assignment and Merger Agreement between Housing, Inc. and AOP raises a fact issue as to AOP's ownership of the Apartments.

*1. Estoppel*

We first turn to AOP's assertion that BCAD is estopped from asserting that AOP failed to exhaust its administrative remedies. AOP contends that BCAD is estopped from asserting that it failed to protest the denial of the exemption because BCAD required the application to be filed in the name of Perrin, Ltd., the record owner of the Apartments, rather than in AOP's name. Because both standing and exhaustion of administrative remedies are necessary components of subject matter jurisdiction, which cannot be conferred upon a court by estoppel, BCAD is not estopped from asserting these arguments. *See Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001); *Laidlaw*, 907 S.W.2d at 17.

*2. Merger*

AOP next argues that the trial court did not err in denying BCAD's plea to the jurisdiction because the Assignment and Merger Agreement between AOP and Housing, Inc. raised a fact issue as to AOP's ownership of Perrin, Ltd. and the Apartments. AOP construes the merger agreement as merging Perrin, Ltd. and its property into AOP.

Contrary to the representations made by AOP to the trial court at the hearing, a close examination of the agreement in question reveals that it merely assigned Housing, Inc.'s *limited partnership* interest in Perrin, Ltd. to AOP. The agreement is actually entitled "Agreement and

Merger of Limited Partnership Interests." The recitals in the agreement state that Housing, Inc.: (1) owns 100% of the limited partnership interest in Perrin, Ltd.; (2) is the sole member of AOP; (3) seeks to "consolidate title to the project of [Perrin, Ltd.] by merging the ownership in a single entity"; and (4) desires to assign all of its *limited partnership* interest to AOP to achieve such ends. The operative language of the agreement provides: Housing, Inc. "hereby sells, bargains, transfers, assigns, and merges all of its right, title and interest in [Perrin, Ltd.] . . . to and into [AOP]." The plain language of the document provides that the interest being transferred to AOP is Housing, Inc.'s limited partnership interest in Perrin, Ltd. There is no reference to Perrin, Inc., the general partner of Perrin, Ltd., in the document, and the document is not signed by Perrin, Inc. Although much discussion occurred before the trial court, no additional evidence was presented regarding any merger of Perrin, Ltd. and AOP.

The owner of the property that applied for the exemption was Perrin, Ltd. Housing, Inc. appears to have transferred its limited partnership interest in Perrin, Ltd. to AOP. However, a partnership is distinct from its partners. *See* TEX. BUS. ORGS. CODE ANN. §§ 152.056, 153.003 (West 2008 & Supp. 2010). Likewise, partnership property is not property of the partners. *See* TEX. BUS. ORGS. CODE ANN. §§ 152.101, 153.003 (West 2008 & Supp. 2010). The Tax Code provides that the property owner must appeal a protest determination to the district court. TEX. TAX CODE ANN. §§ 41.41(a)(9), 42.01(1)(A), 42.21. However, a limited partnership interest in a limited partnership that owns certain property does not equate to ownership of that property. *See* TEX. BUS. ORGS. CODE ANN. §§ 152.101, 153.003. Likewise, the ownership of such a limited partnership interest does not provide a common identity between AOP and Perrin, Ltd. that would be sufficient to consider actions taken by Perrin, Ltd. to be the actions of AOP. Even viewing the evidence in the light most favorable to AOP, there is no evidence that would support

AOP's ability to appeal from a protest made by Perrin, Ltd. based on AOP's ownership of the limited partnership interest in Perrin, Ltd.

Because no evidence supports that Perrin, Ltd. and AOP are the same entity, AOP failed to raise a fact issue that it has standing or exhausted its administrative remedies. *See Miranda*, 133 S.W.3d at 228. Accordingly, the trial court lacks subject matter jurisdiction, and the plea to the jurisdiction should have been granted. *See Miranda*, 133 S.W.3d at 228. Because we conclude that the trial court lacks subject matter jurisdiction, we need not address the parties' remaining arguments.

## CONCLUSION

Because the trial court lacks subject matter jurisdiction, we reverse the order of the trial court as to the 2008 tax year and dismiss the underlying cause.

Rebecca Simmons, Justice