**SIXTH RMA PARTNERS, L.P., a/k/a RMA Partners, L.P., Petitioner,**

v.

**Thomas J. SIBLEY, Respondent.**

No. 02–0179.

Supreme Court of Texas.

Argued Dec. 11, 2002.

Decided May 22, 2003.

Rehearing Denied Aug. 21, 2003.

M.H. Cersonsky, Rachel Rosen, Alonso, Cersonsky & Garcia, P.C., Kevin H. Dubose, Hogan Dubose & Townsend, L.L.P., Houston, for petitioner.

Glenn H. Steele, Jr., John Andrew Cowan, Mary Margaret Parker, Provost & Umphrey Law Firm, L.L.P., Beaumont, for respondent.

Justice SMITH delivered the opinion of the Court.

Texas Rule of Civil Procedure 28 permits a partnership doing business under an assumed name to file suit in that name. TEX.R. CIV. P. 28. However, before judgment, the partnership's correct legal name must be substituted for its assumed name. The first issue in this case is whether there is legally sufficient evidence that Sixth RMA Partners, L.P. used "RMA Partners, L.P." as an assumed name so that the original petition filed under the name RMA Partners, L.P. was effective to commence suit on behalf of Sixth RMA Partners, L.P. The second issue is whether Sixth RMA Partners, L.P.'s second supplemental pleadings were effective to substitute its correct legal name. The final issue is whether Sixth RMA Partners, L.P. is prohibited from prosecuting its claims in Texas courts because it has never filed an assumed name certificate. After a bench trial, the trial court rendered judgment in favor of Sixth RMA Partners, L.P. The

court of appeals, holding that Sixth RMA Partners, L.P. "was never made a plaintiff," reversed the trial court's judgment and rendered judgment that Sixth RMA Partners, L.P. take nothing. 105 S.W.3d 1, 6. We conclude that: 1) some evidence supports the trial court's implied finding that Sixth RMA Partners, L.P. used the name RMA Partners, L.P. as an assumed name; 2) Sixth RMA Partners, L.P.'s second supplemental pleadings were effective to substitute its correct legal name; and 3) any challenge that Sixth RMA Partners, L.P.'s failure to file the required assumed name certificate precludes its suit was waived because it was not properly raised in the trial court. Accordingly, we reverse the court of appeals' judgment and remand the case to that court for further proceedings consistent with this opinion.

**I**

From 1977 until September 27, 1991, Thomas Sibley served as general counsel for First Federal Savings and Loan Association of Beaumont. In August 1991, Sibley executed two promissory notes to First Federal. The principal amount of the first note was $13,000; the second note was for $6,342.82. On September 27, 1991, First Federal was placed into receivership with the Resolution Trust Corporation. On March 1, 1992, the two notes matured and Sibley defaulted.

In March 1993, Sixth RMA Partners, L.P. purchased a large portfolio of notes that included the two notes executed by Sibley. The Resolution Trust Corporation promptly notified Sibley in writing that his notes had been sold to Sixth RMA Partners, L.P. In 1994, Sibley received several collection notices on RMA Partners, L.P. letterhead regarding the notes. The notices requested that payment be made to RMA Partners, L.P. at 3617 Hilton Avenue, Suite 214, Columbus, Georgia 31904.

On July 6, 1995, Sibley filed suit against RMA Partners, L.P. seeking a "declaration that no sums are due RMA Partners, L.P." The defendant's address was listed as 3617 Hilton Avenue, Suite 214, Columbus, Georgia 31904. On July 31, 1995, before being served in Sibley's suit, RMA Partners, L.P. sued Sibley in the same county court at law for the principal amount of the two notes, plus interest, attorney's fees, and costs. Paragraph one of the original petition stated: "Plaintiff, RMA PARTNERS, L.P. ("RMA"), is a Delaware Limited Partnership doing business in Texas." The notes were attached as exhibits to the pleading, and both clearly reflected that they had been assigned to Sixth RMA Partners, L.P.

The original answer filed by RMA Partners, L.P. contained a general denial and asserted that the declaratory judgment action was "improper" because Sibley was "merely asserting affirmative defenses to RMA's suit on two promissory notes." Sibley's original answer contained a general denial, three affirmative defenses, and a plea in abatement based on the pendency of the declaratory judgment action. The affirmative defenses were: 1) that the plaintiff was not a holder in due course; 2) setoff; and 3) limitations "because the debts Plaintiff claims are owed by Defendant occurred more than four years before Plaintiff filed the petition in this action."

In July 1996, RMA Partners, L.P. filed two supplemental pleadings. In its lawsuit against Sibley, RMA Partners, L.P. filed a supplemental petition, which stated:

1. This Supplemental Petition is to supplement and not to take the place of Plaintiff's Original Petition on file in this case. This Supplemental Petition is filed to include an "a/k/a" designation for Plaintiff. RMA Partners, L.P. and Sixth RMA Partners, L.P. are one and the same. No difference exists between

them, and they are the same company. The additional designation of "Sixth" in documents relating to this matter was added for RMA's internal purposes. It was added to assist RMA Partners, L.P. in determining from which portfolio (First, Second, Third, Sixth and so on) a particular loan was purchased. For that reason, this Petition is supplemented to include the additional "a/k/a" designation.

. . . .

3. Paragraph 1 of Plaintiffs' [sic] Original Petition is hereby supplemented to read as follows:

### A. *Parties*

1. Plaintiff, RMA Partners, L.P., a/ka [sic] Sixth RMA Partners, L.P. ("RMA"), is a Delaware Limited Partnership doing business in Texas.

In the declaratory judgment action, RMA Partners, L.P. filed a supplemental answer, which contained language similar to that in the supplemental petition.

In July 1999, Sixth RMA Partners, L.P. filed two supplemental pleadings. The first pleading, captioned RMA's Second Supplemental Petition, stated:

1. This Second Supplemental Petition is to supplement and not to take the place of Plaintiff's Original Petition and Plaintiff's Supplemental Petition on file in this case. This Second Supplemental Petition is filed to correct a misnomer of the Plaintiff.

2. While Plaintiff's Supplemental Petition sets forth that it was filed to include an "a/k/a" designation for Plaintiff, i.e., that RMA Partners, L.P. was "also known as" Sixth RMA Partners, L.P., the correct designation should be: Sixth RMA Partners, L.P. "also known as" RMA Partners, L.P. In other words, the terms "RMA" or "RMA Partners, L.P." are sometimes used to collect debts

owned and held by Sixth RMA Partners, L.P., the owner and holder of the notes at issue in this case. Therefore, the correct designation and name for Plaintiff is "Sixth RMA Partners, L.P., a/k/a RMA Partners, L.P." For that reason, this Petition is supplemented to include the correct "a/k/a" designation.

. . . .

4. Paragraph 1 of Plaintiff's Original Petition, as supplemented by Plaintiff's Supplemental Petition filed July 3, 1996, is hereby supplemented to read as follows:

### A. *Parties*

1. Plaintiff, Sixth RMA Partners, L.P., a/k/a RMA Partners, L.P. ("RMA") is a Delaware Limited Partnership doing business in Texas.

The second pleading filed by Sixth RMA Partners, L.P., captioned RMA's Second Supplemental Answer, contained similar language.

In August 1999, Sibley filed an amended original answer that asserted numerous additional affirmative defenses, including that plaintiff's claim was "untrue in all respects." Specifically, Sibley alleged that "RMA Partners, L.P., and Sixth RMA Partners, L.P. are two separate and distinct entities in all respects" and that "at no time was Sixth RMA Partners, L.P. authorized to do business under the name 'RMA Partners, L.P.'"

In March 2000, the trial court signed an agreed order consolidating the two lawsuits. The order stated:

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the two cases are consolidated as follows: Sixth RMA's lawsuit against Thomas J. Sibley ("Sibley"), which is Cause No. 75778, shall be consolidated into Sibley's lawsuit against Sixth RMA, which is

Cause No. 75594. It is further ordered that Sixth RMA's Original Petition filed July 31, 1995, in Cause No. 75778, including all supplements and amendments, is deemed a counterclaim.

By signature of their respective counsel, both Sibley and Sixth RMA Partners, L.P. approved the order as to form.

In May 2000, Sibley filed a motion for summary judgment. In arguing that Sixth RMA Partners, L.P.'s claims were time-barred, Sibley asserted that "Sixth RMA Partners, L.P. is not properly before this Court, since it never filed its own petition or served Sibley with process." The motion was denied on the day of trial.

A bench trial was held in August 2000. The trial court rendered a final judgment in favor of defendant and counter-plaintiff "Sixth RMA Partners, L.P. a/k/a RMA Partners, L.P."

In a motion for new trial, Sibley asserted:

> The trial court erred in overruling Plaintiff/Counter–Defendant's running objection to the introduction of evidence during the trial of this cause regarding the ownership of the notes at issue by Sixth RMA Partners, L.P., for the reason that Sixth RMA Partners, L.P. is not a proper party to this suit. Sixth RMA Partners, L.P. has never filed a petition in this suit or properly appeared or joined this suit. Therefore any evidence or testimony regarding Sixth RMA Partners, L.P. was not relevant to any issue in this suit.

After the motion was denied, Sibley timely filed a notice of appeal. Written findings of fact and conclusions of law had neither been requested nor filed.

On appeal, Sibley asserted inter alia that Sixth RMA Partners, L.P. had failed to "properly enter the proceedings as a party by joining in the filing of an amended petition," and therefore the trial court should have rendered judgment for him based on limitations. The court of appeals agreed, holding that because Sixth RMA Partners, L.P. "never properly became a plaintiff, the statute of limitations bars its cause of action." 105 S.W.3d at 7. Accordingly, the court of appeals reversed the trial court's judgment and rendered judgment that Sixth RMA Partners, L.P. take nothing. Because of its resolution of Sibley's first issue, the court of appeals did not reach his other issues.

## II

Sixth RMA Partners, L.P. ("Sixth RMA") asserts that the court of appeals' decision is based on the erroneous determination that, as a matter of law, it never became a party to this case. Specifically, it argues that under Texas Rule of Civil Procedure 28, the original petition filed in July 1995 under the name RMA Partners, L.P. was effective to commence suit against Sibley on behalf of Sixth RMA.

Sixth RMA is one of sixteen similarly named limited partnerships. In July 1995, when the consolidated lawsuits in this case were originally filed, Sixth RMA and RMA Partners, L.P. ("RMA") were separate legal entities. Although they shared some limited partners, the entities had different general partners, limited partnership agreements, and tax identification numbers. In December 1995, RMA dissolved pursuant to the terms of its limited partnership agreement and forfeited its Delaware charter.

■ Because Sixth RMA and RMA were separate but related business entities that had similar names, the parties have made numerous and lengthy arguments in this Court and the courts below regarding the common-law doctrines of misnomer and misidentification. However, this Court has held that neither of those doc-

trines "operates to the exclusion of Rule 28 when there are facts that call Rule 28 into play." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex.1999). Rule 28 provides:

> Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

Tex.R. Civ. P. 28.

Whether Sixth RMA used the name RMA Partners, L.P. as an assumed name when collecting Sibley's notes was a fact question for the trial court. The trial court rendered judgment for Sixth RMA. When neither party requests findings of fact and conclusions of law, it is implied that the trial court made all fact findings necessary to support its judgment. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex.2002); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). Accordingly, we must imply a finding that Sixth RMA used "RMA Partners, L.P." as an assumed name when collecting Sibley's notes. However, when the appellate record includes the reporter's and clerk's records, as in this case, implied findings of fact may be challenged in this Court for legal sufficiency. *BMC Software*, 83 S.W.3d at 795; *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989). In reviewing a legal sufficiency point, we view the evidence in a light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex.2001).

Sibley contends broadly that Rule 28 does not apply "on the facts of this case." Although Sibley does not expressly present this contention as a legal sufficien-cy challenge to the implied finding of fact that Sixth RMA used the name RMA Partners, L.P. as an assumed name when collecting his notes, we will construe it as such. Sibley repeatedly asserts that Sixth RMA and RMA were separate legal entities. This fact is undisputed; Sixth RMA concedes that it is not, and never was, the same entity as RMA. But that is not the relevant inquiry. Rather, under the applicable standard of review, we must look for some evidence that Sixth RMA used the name RMA Partners, L.P. as an assumed name when collecting Sibley's notes.

Sixth RMA presented a significant amount of evidence at trial that it used the name RMA Partners, L.P. as an assumed name when collecting Sibley's notes. Priscilla Stevens, a liquidating agent for Sixth RMA and several of the other similarly named RMA partnerships, testified that "RMA Partners, L.P." was used as a trade name for the various RMA partnerships. In addition, she stated, "It's always been the course—normal course of business for—the organization has always been—RMA Partners is used as a generic name for all of the partnerships." Elizabeth Schaefer, general counsel of Sixth RMA, testified that "RMA Partners, L.P." was used as a trade, common, or assumed name of all the similarly named RMA partnerships. In addition, there was evidence that Sixth RMA did not have its own stationery and that "RMA Partners, L.P." letterhead was used for all the various RMA partnerships. Demand notices to note holders and referrals to collection attorneys were made on the same generic "RMA Partners, L.P." letterhead, which set forth the Columbus, Georgia business address. Further, payments on notes owned by Sixth RMA were made to "RMA Partners, L.P." and an accounting was performed to distribute funds to Sixth RMA.

We conclude that some evidence supports the implied finding of fact that Sixth RMA used the name RMA Partners, L.P. as an assumed name when collecting Sibley's notes. Accordingly, the original petition filed in July 1995 under the name RMA Partners, L.P. was effective to commence suit against Sibley on behalf of Sixth RMA.

### III

The court of appeals held that Sixth RMA's failure to join the case through an amended petition precludes application of Rule 28. 105 S.W.3d at 4. As noted, rather than filing an amended original petition, Sixth RMA filed a second supplemental petition that clearly designated the plaintiff's name as "Sixth RMA Partners, L.P. a/k/a RMA Partners, L.P." Sibley asserts that, because the proper function of a supplemental petition is merely to respond to the opposing party's preceding pleading, and the second supplemental petition did not do so, Sixth RMA's attempt to substitute its correct legal name through the supplemental pleading was ineffective.

▮ Rule 28 requires that the correct legal name be substituted, but it does not mandate the procedural method by which substitution may be accomplished. We said in *Chilkewitz* that, before judgment, the plaintiff "must *amend* the petition to add the correct legal name" of the party using an assumed name. *Chilkewitz*, 22 S.W.3d at 829 (emphasis added). But we did not mean to imply that amendment is the sole method by which the required substitution may be made. Under Rule 28, the "true name" may be substituted "on a motion by any party or on the court's own motion." TEX.R. CIV. P. 28. Therefore, the correct legal name may be substituted by filing either a motion requesting substitution or a pleading that substitutes the correct legal name for the assumed name.

In this case, Sixth RMA attempted to substitute its correct legal name by filing a second supplemental petition. Rule 69, which governs supplemental pleadings, provides: "Each supplemental petition or answer, made by either party, shall be a response to the last preceding pleading by the other party, and shall not repeat allegations formerly pleaded further than is necessary as an introduction to that which is stated in the pleading then being drawn up." TEX.R. CIV. P. 69; *see also* TEX.R. CIV. P. 80 ("The plaintiff's supplemental petitions may contain special exceptions, general denials, and the allegations of new matter not before alleged by him, in reply to those which have been alleged by the defendant.").

▮ The current Texas Rules of Civil Procedure regarding original and supplemental pleadings, and amendments to either, are substantively the same as those adopted by this Court in 1877. *See* Rules for the Courts of Texas, 47 Tex. 597–641. Therefore, this Court's explanation of the proper function of original, supplemental, and amended pleadings in *Glenn v. Dallas County Bois D'Arc Island Levee District*, 114 Tex. 325, 268 S.W. 452 (1925), remains instructive:

> Under the prescribed practice in the district and county courts the original and the supplemental pleadings "constitute separate and distinct parts of the pleading of each party," the former being for the purpose of stating or defending against the cause of action, and the latter for the purpose of replying to the allegations of the opposing party immediately preceding them; whereas an amendment to either, "as contradistinguished from a supplemental petition or answer," is designed to "add something to, or withdraw something from" the

amending party's own pleading, so as to cure its deficiencies.

*Id.* at 453 (citation omitted).

■ As the court of appeals in this case recognized, some courts of appeals have concluded that a party's correct legal name may be substituted by a supplemental pleading if the facts raised in the supplemental pleading are included as a response to the last preceding pleading by the other party. *See, e.g., Moody–Rambin Interests v. Moore,* 722 S.W.2d 790, 792 (Tex.App.-Houston [14th Dist.] 1987, no writ); *Intercity Invs. Co. v. Plowman,* 542 S.W.2d 260, 263 (Tex.Civ.App.-Fort Worth 1976, no writ). Thus, in some circumstances, a supplemental pleading may properly be used to substitute a party's correct legal name. In this case, however, the second supplemental pleadings were not filed in reply to any factual or legal allegation contained in Sibley's preceding pleadings. Under the circumstances, Sixth RMA's use of the second supplemental pleadings to substitute its correct legal name was improper. The factual allegations regarding Sixth RMA's true name would properly have been set forth in amended original pleadings.

■ Nevertheless, Sixth RMA's procedural mistake did not render the factual allegations in the second supplemental pleadings void and of no effect. As this Court stated in *Lemp v. Armengol,* 86 Tex. 690, 26 S.W. 941 (1894):

If the [original] petition was subject to exception, either general or special, for lack of an averment of notice to the guarantors, of Krempkau's default, the defect was supplied by the allegations in the supplemental petition. These allegations would properly have appeared in an amended [original] petition, but, *having been pleaded, they cannot be disregarded.* The paper denominated a "Supplemental Petition" was not proper-

ly such, under the rules; and, upon a motion having been filed for that purpose, it should have been stricken out.

*Id.* at 943 (emphasis added); *cf. Windom v. Howard,* 86 Tex. 560, 26 S.W. 483, 485 (1894) (rejecting argument that because a necessary factual allegation "was not pleaded in its proper place, and because [the supplemental petition containing the allegation] was stricken out upon exception, it should be treated as of no effect" for purposes of limitations).

The purpose of the second supplemental pleadings was to change the party name from "RMA Partners, L.P." to "Sixth RMA Partners, L.P." The fact that the necessary factual allegations were contained in supplemental pleadings rather than amended original pleadings was a defect in form. Pleading defects are waived unless properly objected to. TEX.R. CIV. P. 90 ("Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the ... judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account....").

■ Sibley did not file a special exception to either second supplemental pleading. Although he raised the issue in a motion for summary judgment, the only specific relief requested in the motion was that summary judgment be entered against Sixth RMA. The motion did not request that the second supplemental pleadings be stricken, or that Sixth RMA be required to replead in strict compliance with the Texas Rules of Civil Procedure. In any event, because the pleading defect could have been cured by amendment, it would have been improper for the trial court to grant summary judgment without first sustaining a special exception and

permitting Sixth RMA an opportunity to cure the defect. *See Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 804 (Tex.1989). Sibley also made a running objection that evidence regarding Sixth RMA was not relevant because Sixth RMA never properly joined the suit. Like his motion for summary judgment, Sibley's evidentiary objection did not seek relief regarding Sixth RMA's pleading defect; it challenged only the introduction of evidence·at trial. Moreover, the trial court properly overruled the objection because evidence of the note holder's identity was relevant to the proceedings, regardless of whether the note holder was a party.

Although Sixth RMA filed the wrong pleadings to substitute its correct legal name, the second supplemental pleadings were not excepted to or struck by the trial court, and therefore they must be given effect:

> [T]hough a pleading may be denominated a supplement it may actually constitute an amendment or set up a counter-claim or cross-action, and, if not excepted to but allowed to stay in the case until judgment, may be considered for all that it means instead of what it is called.

*Glenn*, 268 S.W. at 453. Reading Sixth RMA's original and supplemental pleadings together, *see* Tex.R. Civ. P. 78 & 83, Sixth RMA's pleadings are sufficient to substitute the true party name and to support the trial court's judgment in favor of Sixth RMA.

## IV

Under the Assumed Business or Professional Name Act, a limited partnership that regularly conducts business in Texas under an assumed name must file an assumed name certificate. Tex. Bus. & Com. Code § 36.11. In his brief on the merits in this Court, Sibley asserts for the first time in this litigation that "assuming that Sixth RMA Partners was using RMA Partners as an assumed name, it still could not bring suit as such because it had not filed an assumed name certificate" in Texas. The record indicates that Sixth RMA has never complied with the Act by filing an assumed name certificate.

■■■ The Act provides criminal and civil penalties for failing to file a certificate, including denial of the use of Texas courts:

> Failure to comply with the provisions of this chapter by any person shall not impair the validity of any contract or act by such person nor prevent such person from defending any action or proceeding in any court of this state, but such person shall not maintain an action or proceeding in any court of this state arising out of a contract or act in which an assumed name was used until an original, new, or renewed assumed business or professional name certificate has been filed as required by this chapter.

*Id.* § 36.25. This provision authorizes a court to abate an action until the certificate is filed. *Cont'l Contractors, Inc. v. Thorup*, 578 S.W.2d 864, 866 (Tex.Civ. App.-Houston [1st Dist.] 1979, no writ); *see also Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 600 (Tex.App.-Houston [14th Dist.] 1994, writ denied); *Luloc Oil Co. v. Caldwell County*, 601 S.W.2d 789, 794 (Tex.Civ.App.-Beaumont 1980, writ ref'd n.r.e). Under the Act's plain language, failure to file an assumed name certificate does not render a plaintiff's claim void. Tex. Bus. & Com. Code § 36.25; *see also Paragon Oil Syndicate v. Rhoades Drilling Co.*, 115 Tex. 149, 277 S.W. 1036, 1037 (1925). Rather, like the failure to pay a corporate registration fee, it affects a plaintiff's capacity to bring suit. *Hotze v. Brown*, 9 S.W.3d 404, 413 (Tex. App.-Houston [14th Dist.] 1999), *rev'd in part on other grounds sub nom. Brown v.*

*Todd,* 53 S.W.3d 297 (Tex.2001); *cf. Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist.,* 46 S.W.3d 880, 884–85 (Tex.2001) (holding that corporation's failure to pay registration fee for conducting business in Texas affects its capacity to sue); *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996) ("[A] party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy.") (emphasis omitted). When capacity is contested, Rule 93 requires that a verified plea be filed unless the truth of the matter appears of record. TEX.R. CIV. P. 93; *Pledger v. Schoellkopf,* 762 S.W.2d 145, 146 (Tex.1988).

An argument that an opposing party does not have the capacity to participate in a suit can be waived by a party's failure to properly raise the issue in the trial court. *Nootsie,* 925 S.W.2d at 662; *Realtex Corp. v. Tyler,* 627 S.W.2d 441, 442 (Tex.App.-Houston [1st Dist.] 1981, no writ). Sibley never raised Sixth RMA's failure to file an assumed name certificate in any pleading or motion in the trial court. Therefore, he waived the complaint. *Nootsie,* 925 S.W.2d at 662; *Lighthouse Church,* 889 S.W.2d at 600; *Luloc Oil,* 601 S.W.2d at 794.

## V

Based on the foregoing, we conclude that the pleadings and the evidence are sufficient to support the trial court's judgment. Accordingly, we reverse the court of appeals' judgment and remand the case to that court for further proceedings consistent with this opinion.