NUMBER 13-03-709-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
R.C. MARTINEZ BAKERY AND TORTILLA 
FACTORY, INC.,                                                                           Appellant,
v.
HIDALGO COUNTY, EDCOUCH-ELSA I.S.D. CITY
OF ELSA, HIDALGO-KENEDY COUNTY EDUCATION
DISTRICT#10, AND SOUTH TEXAS COMMUNITY
COLLEGE,                                                                                    Appellees.



On appeal from the 93rd District Court
of Hidalgo County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Yanez

                             Opinion by Chief Justice ValdezAppellant, R.C. Martinez Bakery & Tortilla Factory, Inc., appeals from the order of
the trial court denying injunctive relief and allowing the execution of a judgment via a tax
sale on behalf of appellees, Hidalgo County, Edcouch-Elsa Independent School District,
City of Elsa, Hidalgo-Kenedy County Education District #10, and South Texas Community
College. Because we conclude appellant was properly served with notice of the underlying
tax suit, we affirm.
Background
          In 1993, appellees filed a lawsuit in Hidalgo County against appellant for unpaid ad
valorem taxes. When the case went to trial in 1998, appellant failed to file an answer or
appear, and a default judgment was entered in favor of appellees. In 2003, the Hidalgo
County constable scheduled a tax sale of appellant’s real property in order to satisfy the
default judgment. Appellant filed a request to enjoin the tax sale, alleging that the
underlying judgment was void due to a misnomer on the citation and judgment. The trial
court denied injunctive relief, and appellant filed this interlocutory appeal.


 Appellant then
filed a motion with this Court requesting that we temporarily stay the impending tax sale
until resolution of its interlocutory appeal. We granted appellant’s motion and stayed the
tax sale by an order dated December 1, 2003. See Tex. R. App. P. 24.4(c).
Rule 28
          Appellant argues by one issue on appeal that the trial court erred in denying
appellant a temporary injunction enjoining the tax sale of appellant’s real estate because
appellant was never made a party to the tax lawsuit in which the judgment was rendered. 
          Appellant bases its argument on the fact that the entity named in the underlying
judgment was “R.C. Martinez, Inc., doing business as R.C. Martinez Bakery & Tortilla
Factory.” Appellant’s actual corporate name is “R.C. Martinez Bakery & Tortilla Factory,
Inc.” It also does business under the assumed name (or “d/b/a”) of R.C. Martinez, Inc. 
Appellant asserts, however, that because the judgment was taken against “R.C. Martinez,
Inc., doing business as R.C. Martinez Bakery & Tortilla Factory,” which is not its proper
name, the judgment does not apply to appellant and is therefore either void or applies to
someone other than appellant. 
          Civil suits may only be maintained against parties having an actual or legal
existence. See Henson v. Estate of Crow, 734 S.W.2d 648, 649 (Tex. 1987). However,
under Texas Rule of Civil Procedure 28, a private corporation doing business under an
assumed name may sue or be sued in its assumed name or common name for the
purpose of enforcing a judgment against it. See Tex. R. Civ. P. 28. The true name of the
party can be substituted for the assumed name if there is a motion to do so by any party
or by the court. See id.
          According to the Texas Supreme Court’s interpretation of rule 28, a party can bring
suit against an individual doing business under the name of a corporation even if that
corporation does not exist. Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex. 1998). If there
is such a mistake, the party must amend the petition to add the correct legal name of the
actual defendant and demonstrate that the misnamed party had actual knowledge of the
suit against it. See id. This occurrence is referred to as a misnomer, and arises when a
plaintiff attempts to sue the correct legal entity but misnames it. See id. at 828. 
          Appellant argues that this lawsuit presents an example of a misnomer, and because
appellees failed to amend the petition in order to correct the improper name of the
defendant, the judgment is void as applied to it. 
          We disagree. The doctrine of misnomer cannot operate “to the exclusion of rule 28
when there are facts that call rule 28 into play.” Sixth RMA Partners, L.P. v. Sibley, 111
S.W.3d 46, 52 (Tex. 2003) (citing Chilkewitz, 22 S.W.3d at 828). In this case, the primary
party named in the 1993 tax lawsuit was “R.C. Martinez, Inc.”


 This was, as conceded by
appellant and verified by a certification from the Texas Secretary of State, the assumed
name of appellant. Under rule 28, appellant could be sued under this assumed name. 
See Tex. R. Civ. P. 28; Chilkewitz, 22 S.W.3d at 830 (“Rule 28 allows suit directly against
the correct party in its assumed name.”); Matsushita Elec. Corp. v. McAllen Copy Data, 815
S.W.2d 850, 853 (Tex. App.–Corpus Christi 1991, writ denied) (“[T]he corporation may sue
and be sued in the assumed name.”). Therefore, the underlying suit could be properly
enforced against it, and there is no need to require that appellees amend the petition in
order to name the proper party.
          We find support for this conclusion in the supreme court’s Sixth RMA Partners
opinion. In that case, Sixth RMA Partners initiated a lawsuit under the name “RMA
Partners, L.P.“ See Sixth RMA Partners, 111 S.W.3d at 49. The defendant, who lost the
suit, argued on appeal that Sixth RMA could not be awarded a judgment against him
because it was never properly a party to the suit; only “RMA Partners” could be considered
a plaintiff. The court disagreed, finding that Sixth RMA used “RMA Partners” as an
assumed name, and accordingly, “the original petition filed . . . under the name RMA
Partners, L.P. was effective to commence suit against [defendant] on behalf of Sixth RMA.” 
Id. at 53. Similarly, here,“R.C. Martinez, Inc.” was the assumed name of appellant, and
therefore the petition filed against appellant under its assumed name was effective to
commence the tax suit against appellant. Accordingly, we overrule appellant’s only issue
on appeal. 
Conclusion
          We affirm the judgment of the trial court. Furthermore, with this opinion, we lift the
stay of the tax sale imposed by our December 1, 2003 order and allow those proceedings
to go forward. 
          
                                                                                                                    
                                                                                      Rogelio Valdez,
                                                                                      Chief Justice

 

Memorandum Opinion delivered and filed
this 12th day of May, 2005.