

**NUMBER 13-11-00116-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FIDEL BARRERA JR.,** **Appellant,**

**v.**

**MICHELLE ANN BARRERA,** **Appellee.**

---

### On appeal from the 267th District Court
### of Victoria County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

This is a divorce case involving the conservatorship of children and the division of

the marital estate. By three issues, appellant Fidel Barrera Jr., contends that the trial

court abused its discretion when it: (1-2) awarded the right to determine the children's

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

primary residence to the grandmother; and (3) rendered a division of the marital estate in a manner that was not just and right. We reverse and remand, in part, and affirm, in part.

## I. RIGHT TO DETERMINE THE PRIMARY RESIDENCE OF THE CHILDREN

By his first issue, appellant contends that the trial court abused its discretion when it gave the children's maternal grandmother the exclusive right to determine the primary residence of the children when she had not filed any pleadings in which she requested possession of or access to the children. Appellee agrees that the trial court abused its discretion in this regard.

Orders arising from a suit affecting the parent-child relationship will be overturned on appeal if the complaining party demonstrates an abuse of discretion by the trial court. *In re C.A.M.M.*, 243 S.W.3d 211, 214 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)). A trial court abuses its discretion if it incorrectly interprets or improperly applies the law. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642-43 (Tex. 2009) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

A trial court does not properly apply the law by awarding relief to a person who has not requested such relief in a live pleading. *In re Russell,* 321 S.W.3d 846, 855 (Tex. App.—Fort Worth 2010, orig. proceeding). Only a conservator is to be awarded the exclusive right to determine the primary residence of the child. TEX. FAM. CODE ANN. § 153.134 (West 2008).

Applying the law to the facts of this case and acknowledging the agreement of the parties, we, too, agree that because the maternal grandmother did not appear in this

2

proceeding, the trial court should not have awarded her any rights.[2] *See id.*; *In re Russell,* 321 S.W.3d at 855. We sustain appellant's first issue.

By his second issue, appellant asserts that the evidence at trial supports his request to be named joint managing conservator with the exclusive right to determine the children's primary residence and asks this Court to render judgment in that regard. However, based on our review of the record, we conclude that it would be improper to render judgment without evidence as to what is currently in the best interest of the children and without proper determinations of fact. *See Gray v. Shook*, 329 S.W.3d 186, 200-01 (Tex. App.—Corpus Christi 2010, pet. filed) (discussing similar facts where the trial court improperly appointed the grandparent as sole managing conservator and determining that a remand was necessary for the determination of the best interest of the child in establishing a conservatorship between the child's parents); *see also* TEX. R. APP. P. 43.3(b) ("When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when . . . the interests of justice require a remand for another trial."). Therefore, we overrule appellant's second issue.

## II. DIVISION OF THE MARITAL ESTATE

By his third issue, appellant contends that the trial court abused its discretion when it refused to order appellee to repay $13,000 to appellant's mother. He argues that this was a debt incurred solely by appellee. Appellant asserts that by failing to order appellee to repay this debt out of her share of his retirement account, the trial court acted in a manner that directly conflicted with its pronouncement that appellee pay "[a]ll debts, charges, liabilities, and other obligations incurred solely by [her] from and after January

---

[2] It is undisputed that the children's maternal grandmother did not file any pleadings and did not testify or otherwise appear at any hearings in this cause.

3

2007," thus rendering a division of the marital estate that was not just and right. *See* TEX. FAM. CODE ANN. § 7.001 (West 2006).

Review of the trial court's division of the community estate is governed by an abuse-of-discretion standard. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). The trial court is vested with broad discretion in dividing the marital estate at divorce. *Id.* Equal division of the marital estate is not required. *Id.* Upon appeal, it is presumed that the trial court exercised its discretion properly, and the cause will be reversed only where there is a clear abuse of discretion. *Id.*

"In a decree of divorce . . . , the court shall order a division of the estate of the parties in a manner that the court deems just and right having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001; *see Ridgell v. Ridgell*, 960 S.W.2d 144, 147 (Tex. App.—Corpus Christi 1997, no pet.) ("A clear abuse of discretion is shown only if the division of property is manifestly unjust and unfair."). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Knight v. Knight*, 301 S.W.3d 723, 728 (Tex. App.—Houston [14th Dist.] 2009, no pet.). However, because the trial court's discretion is not unlimited, there must be some reasonable basis for an unequal division of property. *Id.*

Appellant contends that when the trial court did not find the $13,000 was appellee's separate liability, it must have erroneously found that it was a gift to appellee from appellant's mother. Based on this contention, appellant argues that appellee did not meet her burden in proving that it was a gift. This contention presumes, however, that the trial court found that the $13,000 was a gift to appellee. No findings of fact were

4

requested or filed; therefore, the trial court's judgment implies all findings of fact necessary to support it. *Sixth RMA Partners, L.P., v. Sibley,* 111 S.W.3d 46, 52 (Tex. 2003).

In this case, the trial court stated that it was not going to order appellee to pay the money back. And, among other things, there is evidence that establishes it was appellant who obtained the $13,000 from his mother—money to be used to post appellee's bond in Louisiana where she was being held on drug charges and to hire an attorney. Appellee never spoke with appellant's mother about the money.

Based on the above, we conclude that there is some evidence of a substantive and probative character to support the decision of the trial court not to order appellee to repay the $13,000; the trial court could have decided that the $13,000 was community property, that it was appellant's separate liability, or that it was even a gift to appellant from his mother. *See Knight*, 301 S.W.3d at 728. Thus, we conclude that the division was not manifestly unjust and unfair and that the trial court did not abuse its discretion in so dividing the marital estate. *See* TEX. FAM. CODE ANN. § 7.001; *Ridgell*, 960 S.W.2d at 147. We overrule appellant's third issue.

## III. CONCLUSION

We reverse and remand the determination of the conservatorship of the children and affirm the trial court's division of the marital estate.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 26th
day of January, 2012.

5