**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

06/29/15

**DORIAN E. RAMIREZ, CLERK**

BY ccoronado

ACCEPTED
13-15-00097-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/29/2015 3:30:45 PM
CECILE FOY GSANGER
CLERK

No. 13-15-00097-CV

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/29/2015 3:30:45 PM
CECILE FOY GSANGER
Clerk

IN THE COURT OF APPEALS
FOR THE
THIRTEENTH COURT OF APPEALS DISTRICT OF TEXAS

TIMOTHY D. RAUB AND RAUB LAW FIRM, P.C.,
APPELLANTS,

— VERSUS—

GATE GUARD SERVICES, L.P., SIDNEY L. SMITH, AND
ASSOCIATION CASUALTY INSURANCE COMPANY,
APPELLEES.

## REPLY BRIEF OF APPELLANTS
## TIMOTHY D. RAUB AND RAUB LAW FIRM, P.C.

ABRAHAM MOSS
STATE BAR NO. 14581700
MOSS LAW OFFICE
5350 SOUTH STAPLES STREET
SUITE 209
CORPUS CHRISTI, TEXAS 78411
(361) 992-8999– PHONE
(361) 232-5007– FAX
AMOSS@AMLAWYERS.COM

BETH WATKINS
STATE BAR NO. 24037675
SHANNON K. DUNN
STATE BAR NO. 24074162
LAW OFFICE OF BETH WATKINS
926 CHULIE DRIVE
SAN ANTONIO, TEXAS 78216
(210) 225-6666– PHONE
(210) 225-2300– FAX
BETH.WATKINS@WATKINSAPPEALS.COM
SHANNON.DUNN@WATKINSAPPEALS.COM

ATTORNEYS FOR APPELLANTS
ORAL ARGUMENT CONDITIONALLY REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      BERRY DOES NOT CONTROL THE OUTCOME OF THIS CASE . . . . . . . . . . . . . 2

        A.      Raub Did Not Sue Gate Guard For Craft's Breach Of Contract . . . 2

        B.      Gate Guard's Own Indemnity Provision Demonstrates Gate Guard
                Knew Raub Might Sue It . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        C.      Gate Guard's Analysis Asks This Court To Adopt Procedural And
                Jurisdictional Rules That Apply Only To Cases Exactly Like This
                One And To No Other Disputes . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.     GATE GUARD'S ASSERTION THAT RAUB FAILED TO DEMONSTRATE
        "INJURY IN FACT" IS INCONSISTENT WITH GATE GUARD'S OWN
        REPEATED INSISTENCE THAT CRAFT "TERMINATED" RAUB . . . . . . . . . . . . . 8

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# INDEX OF AUTHORITIES

**CASES** **PAGE**

*Berry v. Nueces County*, No. 13-05-00383-CV, 2006 WL 1280901 (Tex. App.–Corpus Christi May 11, 2006, pet. denied) (mem. op.) . . . . . . 2, 3, 4

*Beacon Nat'l Ins. Co. v. Reynolds*, 799 S.W.2d 390 (Tex. App.–Fort Worth 1990, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8

*City of Houston v. Jenkins*, 363 S.W.3d 808 (Tex. App.–Houston [14th Dist.] 2012, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598 (Tex. 2004) . . . . . . . . . . . . . . . . 10

*Honeycutt v. Billingsley*, 992 S.W.2d 570 (Tex. App.–Houston [1st Dist.] 1999, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Sammons & Berry, P.C. v. Nat'l Indemnity Co.*, No. 14-13-00070-CV, 2014 WL 3400713 (Tex. App.–Houston [14th Dist.] July 10, 2014, no pet.) (mem. op.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Sixth RMA Partners v. Sibley*, 111 S.W.3d 46 (Tex. 2003) . . . . . . . . . . . . 5, 6, 7, 8

*State v. Naylor*, No. 11-0114, slip op. (Tex. June 19, 2015), *available at* http://www.txcourts.gov/media/1001370/110114.pdf . . . . . . . . . . . . . . . 7

*Sw. Pharm. Solutions, Inc. v. Tex. Health & Human Servs. Comm'n*, 408 S.W.3d 549 (Tex. App–Austin 2013, pet. denied) . . . . . . . . . . . . . 11, 12

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) . . . . . . 6

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) . . 8, 10

*Williams v. Williams*, 19 S.W.3d 544 (Tex. App.–Fort Worth 2000, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Yasuda Fire & Marine Ins. Co. of Am. v. Criaco*, 225 S.W.3d 894, 898 (Tex. App.–Houston [14th Dist.] 2007, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES AND RULES**

Tex. Gov't Code Ann. § 22.004 (Lexis 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. R. App. P. 43 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tex. R. Civ. P. 93 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8

## SUMMARY OF THE ARGUMENT

Throughout this dispute, Gate Guard's only complaint has been that Raub sued it for claims that—at least according to Gate Guard—he should have asserted solely against Craft. But Gate Guard's complaint that Raub sued the "wrong" defendant is an affirmative defense that can be waived and therefore cannot be a jurisdictional—*i.e.*, non-waivable—bar to suit. Furthermore, Gate Guard's newfound complaint that Raub did not sufficiently prove injury in fact—a complaint Gate Guard never asserted in the trial court—is not even consistent with Gate Guard's own evidence showing that Craft entered into a contract with Raub. Finally, contrary to Gate's Guard's claims in this Court, Raub satisfied his pleading burden because he alleged each element of the claims he raised against Gate Guard: tortious interference with an existing contract, fraud, conspiracy, and promissory estoppel. For these reasons, this Court should reverse the trial court's judgment granting Gate Guard's plea to the jurisdiction and remand this case for a trial on the merits of Raub's claims.

## ARGUMENT AND AUTHORITIES

**I.** *BERRY* **DOES NOT CONTROL THE OUTCOME OF THIS CASE.**

**A.** **Raub Did Not Sue Gate Guard For Craft's Breach Of Contract.**

Gate Guard insists that this Court's decision in *Berry v. Nueces County* mandates dismissal of Raub's lawsuit. *See generally* Br. of Appellee at 8-19. But Gate Guard ignores that *Berry* simply does not speak to the matter at issue in this case. In fact, a passage from *Berry* that Gate Guard repeatedly quotes in its brief starkly demonstrates the key difference between this case and *Berry*:

> In Texas, when an attorney is discharged by his client before the completion of the representation, the attorney may be able to treat his discharge as a breach of contract and sue for the amount of his compensation. However, the party against whom the attorney may assert standing to sue **for this breach** is his client, not the opposing party in the underlying litigation.

Br. of Appellee at vii, 8 (quoting *Berry v. Nueces County*, No. 13-05-00383-CV, 2006 WL 1280901, at *2 (Tex. App.–Corpus Christi May 11, 2006, pet. denied) (mem. op.) (internal citations omitted, emphasis added). But Raub did not sue Gate Guard for Craft's breach of contract. *See generally* CR 5-11. Instead, Raub sued Gate Guard for tortious interference with an existing contract, fraud, conspiracy, and promissory estoppel—independent torts Raub alleged Gate Guard committed against him. CR 9-10. Furthermore, unlike the plaintiff in *Berry*, Raub also did not assert that Gate Guard

was jointly and severally liable with Craft for Raub's interest in Craft's settlement. *Compare id. with Berry*, 2006 WL 1280901 at \*2; *see also* CR 139-41 (Raub's plea in intervention).

In other words, Raub has never asserted that Gate Guard is liable to him because of **Craft's** bad acts. *See generally* CR 5-11. Instead, Raub sued Gate Guard for the independent torts Gate Guard committed against him—actions Gate Guard took after it knew perfectly well that Raub asserted an interest in Craft's lawsuit and had properly made himself a party to that lawsuit. *See id.*; Br. of Appellant at 17-18. And since Gate Guard itself concedes that "[t]he *Berry* opinion is silent as to the exact claims asserted by Berry and does not state whether Berry asserted some or all of the same claims as brought by Raub against Gate Guard," it is difficult to understand how Gate Guard can seriously contend that *Berry* is "directly on point" as to whether Raub has standing to sue Gate Guard for Gate Guard's own torts. Br. of Appellee at 8, 9-10.

## B. Gate Guard's Own Indemnity Provision Demonstrates Gate Guard Knew Raub Might Sue It.

As part of its attempt to demonstrate that *Berry* governs this case, Gate Guard insists that, like the defendant in *Berry*, it was never "on notice" that Raub might eventually file a lawsuit against it. Br. of Appellee at 16. Gate Guard's argument on appeal is defeated by its own actions in this case. CR 34. Unlike the defendants in

*Berry*, Gate Guard had the foresight to specifically insist that Craft indemnify it from Raub's attorney's fee claim—a claim it now claims it had no idea could possibly be coming:

> I HEREBY AGREE TO INDEMNIFY, DEFEND AND HOLD AND SAVE HARMLESS (AT MY SOLE COST AND EXPENSE, INCLUDING ATTORNEYS' FEES) THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND LIENS WHICH MAY BE ASSERTED AGAINST THEM BASED UPON ANY MEDICAL, LIEN, OR SUBROGATION INTEREST INCLUDING, WITHOUT LIMITATION, THE HOSPITAL LIEN HELD AND FILED BY CHRISTUS SPOHN MEMORIAL HOSPITAL AND ANY LIEN APPLICABLE TO OR ATTORNEYS' FEE INTEREST IN THE SETTLEMENT AMOUNT REFERENCED HEREIN HELD OR CLAIMED BY TIMOTHY D. RAUB OR THE RAUB LAW FIRM, P.C.

CR 34 (highlighting added). Gate Guard did not ask Craft to sign a standard "any and all claims, known or unknown" type of indemnity agreement; instead, it asked her to sign an indemnity agreement that specifically referenced Raub's claims. CR 34. Gate Guard's actions are wholly inconsistent with its newfound claim that it had no notice that Raub might sue it. *Compare* CR 34, *with* Br. of Appellee at 16. Because Gate Guard's own actions show that it knew perfectly well that Raub might assert a claim against it instead of Craft, this case is distinguishable from *Berry*. *Compare* CR 34, *with Berry*, 2006 WL 1280901 at *3.

**C.**     **Gate Guard's Analysis Asks This Court To Adopt Procedural And Jurisdictional Rules That Apply Only To Cases Exactly Like This One And To No Other Disputes.**

As explained more fully in Raub's opening brief, Gate Guard's true position has always been that Raub sued the "wrong" party. *See generally* CR 21-22; Br. of Appellant at 11-15. The Fort Worth Court of Appeals has confirmed that "where, as here, the claim is that the obligations under the cause of action sued upon are owed by a party other than the one sued," the issue is one of the party's capacity to be sued. *Beacon Nat'l Ins. Co. v. Reynolds*, 799 S.W.2d 390, 395 (Tex. App.–Fort Worth 1990, writ denied). And lack of capacity to be sued—the only "standing" argument Gate Guard raised in the trial court—is an affirmative defense that can be waived, not a jurisdictional fact that can defeat the court's power to hear a lawsuit. *Compare* Tex. R. Civ. P. 93 (identifying "the defendant has not legal capacity to be sued" and "the defendant is not liable in the capacity in which he is sued" as defenses that must be asserted by verified plea), *with* CR 21-22 (the only "jurisdictional fact" Gate Guard identified in the trial court is that Raub allegedly sued the wrong party); *see also Sixth RMA Partners v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003) (challenge to capacity can be waived). This distinction between a waivable affirmative defense and true jurisdictional standing is critical, because unlike the capacity issues Gate Guard has asserted throughout this lawsuit, true jurisdictional standing **cannot** be waived. *Tex.*

*Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). In other words, if Gate Guard could have waived its "wrong party" capacity arguments—and it could have, as a matter of Texas law—then those arguments cannot go to the question of true jurisdictional standing. *Cf. id.*; *see also* Tex. R. Civ. P. 93; *Sixth RMA Partners*, 111 S.W.3d at 56; *Beacon Nat'l*, 799 S.W.2d at 395. The fact that Gate Guard asserted its capacity defense instead of waiving it is not enough to change that defense into a jurisdictional bar to suit.

At least two Texas courts of appeals have confirmed that this analysis applies even when the plaintiff is a terminated attorney and the defendant is a tortfeasor. *See, e.g.*, *Sammons & Berry, P.C. v. Nat'l Indemnity Co.*, No. 14-13-00070-CV, 2014 WL 3400713, at *3 (Tex. App.–Houston [14th Dist.] July 10, 2014, no pet.) (mem. op.); *Honeycutt v. Billingsley*, 992 S.W.2d 570, 585 (Tex. App.–Houston [1st Dist.] 1999, pet. denied); *see also Yasuda Fire & Marine Ins. Co. of Am. v. Criaco*, 225 S.W.3d 894, 898 (Tex. App.–Houston [14th Dist.] 2007, no pet.) (questions of jurisdictional standing that strip a court of power to hear a lawsuit are not the same thing as a party's "standing" to recover under a contract). This analysis makes perfect sense, because a holding to the contrary carves out separate rules of civil procedure and constitutional standing that apply **only** in this precise situation: lawsuits filed by attorneys who have suffered monetary loss due to a tortfeasor's tortious interference with the attorney's

existing contracts.

The Texas Supreme Court has recently emphasized that "the existence of standing—or the lack thereof—is a rigid question of law that is not negotiable and cannot be waived." *State v. Naylor*, No. 11-0114, slip op. at 12 (Tex. June 19, 2015), *available at* http://www.txcourts.gov/media/1001370/110114.pdf. Here, however, Gate Guard would have this Court impose this "rigid," "not negotiable" bar to suit on the basis of an affirmative defense—a party's capacity to be sued and/or its liability in the capacity in which it is sued—that would be waivable under any other set of facts. *Compare* CR 21-22 *with* Tex. R. Civ. P. 93, *and Beacon Nat'l*, 799 S.W.2d at 390, *and. Sixth RMA Partners*, 111 S.W.3d at 56. In other words, Gate Guard's analysis would force this Court to create a separate set of procedural and jurisdictional rules that would apply to this precise fact pattern and no other. *See id.* Absent clear instruction from the Texas Supreme Court—something Gate Guard has failed to present in its brief—this Court should refuse to do so. Tex. Gov't Code Ann. § 22.004 (Lexis 2015) ("The supreme court has the full rulemaking power in the practice and procedure in civil actions, except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant."); *Williams v. Williams*, 19 S.W.3d 544, 546 (Tex. App.–Fort Worth 2000, pet. denied) ("[T]he legislature has vested the Texas Supreme Court with the power to promulgate rules of civil procedure."). For this additional

reason, the Court should reverse the trial court's judgment granting Gate Guard's plea to the jurisdiction and remand this cause to the trial court for a determination on the merits of Raub's claim. *See, e.g.*, Tex. R. App. P. 43.3(a); Tex. R. Civ. P. 93; *Sixth RMA Partners*, 111 S.W.3d at 56; *Sammons*, 2014 WL 3400713 at *3; *Honeycutt*, 992 S.W.2d at 585; *Beacon Nat'l*, 799 S.W.2d at 390.

## II. GATE GUARD'S ASSERTION THAT RAUB FAILED TO DEMONSTRATE "INJURY IN FACT" IS INCONSISTENT WITH GATE GUARD'S OWN REPEATED ACKNOWLEDGMENT THAT CRAFT "TERMINATED" RAUB.

In this Court, Gate Guard insists that there is no evidence Craft ever entered into a contract for Raub to represent her, and makes repeated reference to Craft's "alleged" contract with Raub. *See* Br. of Appellee at 1, 3, 6, 10, 12, 17, 18, 21. According to Gate Guard, the fact that Raub did not produce a copy of his contract with Craft mandates a finding that Raub failed to sufficiently prove "injury in fact" and therefore failed to establish his standing to sue Gate Guard. Br. of Appellee at 20.

First and foremost, Raub's petition affirmatively demonstrates the trial court's jurisdiction. *See, e.g.*, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004); CR 5-1. For that reason, Raub was not required to produce evidence. *See id.*

Additionally, at least eight times throughout its brief, Gate Guard also insists that Craft "terminated" Raub's representation of her. *See id.* at vi, viii, 1-2, 4, 6, 13,

-8-

14, 19. Gate Guard ignores that these two positions—Craft never hired Raub, but she fired him anyway—are wholly inconsistent with one another. Not once in its brief does Gate Guard explain how Craft could have "terminated" Raub if he never agreed to represent her in the first place. *Compare, e.g.,* Br. of Appellee at 1 (Raub "alleged that [he] executed a contingency fee agreement with Craft to represent her in her personal injury claim"), *with* Br. of Appellee at 13 ("Indeed, [Raub] was terminated as Craft's attorney[.]").

Furthermore, Gate Guard fails to explain that **Gate Guard itself** presented the trial court with testimony from Craft that she and Raub had a contract. CR 31. Specifically, Craft testified about "the contract that [Raub] had [Craft] sign while [Craft] was in [Raub's] office" and acknowledged that she "informed [her] lawyers of the details surrounding [her] signing of the contract with Mr. Raub's office." CR 31. Gate Guard has not presented this Court with any authority to support its apparent position that the "injury in fact" analysis required Raub to produce a contract whose existence Gate Guard itself had already essentially conceded. CR 31. The trial court had evidence before it supporting the existence of a contract between Raub and Craft. *See id.* For this additional reason, the trial court erred when it granted Gate Guard's plea to the jurisdiction.

Finally, Gate Guard asserts that Raub failed to present sufficient evidence of

injury in fact because Gate Guard "presented undisputed evidence [in the trial court] that Craft did not assign any interest in her personal injury claims to Raub—namely, Craft's representations and warranties in both the settlement agreement and release." Br. of Appellee at 20. Gate Guard must present this evidence as "undisputed," because when a plea to the jurisdiction challenges the existence of jurisdictional facts—as Gate Guard contends its plea did—[1]a trial court has no authority to grant the plea unless the evidence surrounding the jurisdictional fact at issue negates jurisdiction as a matter of law. *See, e.g.*, *Miranda*, 133 S.W.3d at 228.

Despite Gate Guard's insistence to the contrary, however, Craft's "representations and warranties" were not undisputed in the trial court and do not negate jurisdiction as a matter of law. *See id.* As noted above, Gate Guard itself presented evidence that Craft entered into a contract with Raub. CR 31. Because no one in this case has ever asserted that Raub agreed to represent Craft pro bono, Craft's acknowledgment that she hired Raub is some evidence to support a conclusion that she also agreed to pay him—*i.e.*, that she assigned him an interest in the outcome of her lawsuit. *See, e.g.*, *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)

---

[1]Despite the position that Gate Guard has taken on appeal, its plea to the jurisdiction does not contain the words "injury in fact" or any similar phrases, and therefore did not assert this "jurisdictional fact" for the trial court's review. *See generally* CR 20-29. As noted above and in Raub's opening brief, the only "jurisdictional fact" Gate Guard asserted in its plea to the jurisdiction is its contention that Raub sued the "wrong" party. *See id.*; *see also* Br. of Appellant at 11-15.

("We have repeatedly held that more than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.") (internal quotation marks omitted). Furthermore, Craft's representation in the settlement agreement that she "did not assign any interest in her personal injury claims to Raub" is not even undisputed within the four corners of the settlement agreement itself. CR 31. This is because Craft's allegedly "undisputed" warranty that she had not assigned any claims to Raub appears *on the very same page of the settlement agreement* as her promise to indemnify Gate Guard from those exact same claims. CR 34.

In order to determine whether Raub sufficiently demonstrated that he suffered an injury in fact for standing purposes, the trial court was required to consider Raub's intent, construe his pleadings liberally in favor of jurisdiction, "and accept the allegations in the pleadings as true to determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the cause." *See, e.g.*, *Sw. Pharm. Solutions, Inc. v. Tex. Health & Human Servs. Comm'n*, 408 S.W.3d 549, 556 (Tex. App–Austin 2013, pet. denied); *City of Houston v. Jenkins*, 363 S.W.3d 808, 812-13 (Tex. App.–Houston [14th Dist.] 2012, pet. denied). "If the evidence creates a fact issue as to jurisdiction, the trial court cannot grant the plea to the jurisdiction, and the fact issue must be resolved by the fact finder at trial." *Sw.*

*Pharm. Solutions*, 408 S.W.3d at 556. Here, **Gate Guard's own evidence** creates a fact issue about whether Raub suffered an injury in fact, because Gate Guard's evidence tends to show that Craft contracted with Raub to represent her in her personal injury claim. CR 31; CR 34. Raub's pleadings—which both the trial court and this Court are required to construe liberally in favor of jurisdiction—alleged that Gate Guard's actions were the cause of that injury. CR 5-11; *Sw. Pharm. Solutions*, 408 S.W.3d at 556. For this reason, the trial court did not have any power to dismiss Raub's claims on the basis that he did not adequately demonstrate injury in fact, and this Court should remand this cause to the trial court so it can resolve the merits of Raub's lawsuit. *Compare* CR 31, *and* CR 34, *with Sw. Pharm. Solutions*, 408 S.W.3d at 556.

## CONCLUSION AND PRAYER

Raub sued Gate Guard because Gate Guard took actions that caused him harm. This is all that is required to establish standing, because—despite Gate Guard's apparent belief to the contrary—nothing in Texas law, including this Court's decision in *Berry*, required Raub to definitively prove that he would win that lawsuit in order to trigger the trial court's power to hear it. The only "jurisdictional fact" Gate Guard raised in the trial court is not a jurisdictional fact at all—instead, Gate Guard only ever asserted a capacity defense that cannot serve as a jurisdictional bar to suit. For these

reasons, Appellants Timothy D. Raub and Raub Law Firm, P.C. pray that this Court will reverse the trial court's January 30, 2015 order dismissing this cause for lack of subject matter jurisdiction and remand this cause for trial. Appellants further pray for any additional relief to which they may be entitled in law or equity.

Respectfully submitted,

/s/ *Shannon K. Dunn*

Beth Watkins
Texas Bar No. 24037675
Shannon K. Dunn
Texas Bar No. 24074162
LAW OFFICE OF BETH WATKINS
926 Chulie Drive
San Antonio, Texas 78216
(210) 225-6666– phone
(210) 225-2300– fax
**Attorneys for Appellants**
**Timothy D. Raub and**
**Raub Law Firm, P.C.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2015, a true and correct copy of this brief was forwarded in accordance with rule 9.5 of the Texas Rules of Appellate Procedure to the following counsel of record:

Greg C. Wilkins
Monica L. Wilkins
Robert L. Florance, IV
ORGAIN BELL & TUCKER, LLP
Post Office Box 1751
Beaumont, Texas 77704
(409) 838-6412– phone
(409) 838-6959– fax
gcw@obt.com
mwilkins@obt.com
rflorance@obt.com

 

      /s/ *Shannon K. Dunn*
Shannon K. Dunn
Attorney for Appellants

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2).

1. Exclusive of the portions exempted by Tex. R. App. P. 9.4(i)(1), this brief contains 2,921 words printed in a proportionally spaced typeface.

2. This brief is printed in a proportionally spaced, serif typeface using Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes produced by Corel WordPerfect X6 software and converted to PDF format by Acrobat Distiller 10.1.3.

_/s/ Shannon K. Dunn_
Shannon K. Dunn
Attorney for Appellants